## EDMUND TWEEDY v. BRIGGS & YARD ET AL.

Every presumption will be indulged in favor of the proper action of the court until the error is made manifest.   (Pauska v. Daus, *ante*, 67, affirmed,)

When jurymen not on the list are permitted to serve, it will be presumed that the facts which authorized it existed.   (Paschal's Dig., Art. 3985.)

When no objection was made to the jurors on account of their want of qualifications, such an objection comes too late in this court.

By virtue of acts of congress justice is administered and the civil affairs of the government are carried on under the military supervision.

APPEAL from Galveston. The case was tried before Hon. BENJAMIN SHORPSHIRE, one of the district judges.

When the cause was called for trial the defendants below (Carr *et als.,*) objected to go to trial before the jury that was then in the jury-box, because the names of five of them (giving their names) were not on the jury-list. The objection was overruled, and they were compelled to submit to the verdict of a jury.

This point in the case is developed in the bill of exceptions.

*Hill & Hill,* for appellants.—The appellees' counsel admit that the objection is a sound one, and would prevail if it had been made before the jury was sworn, and cites the proviso in article 3991 of Paschal's Digest, as follows: "No person shall be considered competent to serve on any jury, civil or criminal, whose name is not enrolled upon the list required to be kept by the county court, if the objection is made before such person is sworn upon the jury."

The court will so construe this proviso as to give it a reasonable operation.

In criminal cases there is no difficulty in its application. When criminal cases are to be tried the jury is sworn for each case; and, if the illegal juror is not then objected to, the parties are estopped from objecting afterwards.

But in civil cases the illegal jurors are sworn a day, a week, or a month before the case is called for trial. When the case is called and the parties announce readiness for trial, the next question is, "Are you content with the jury?" And then is the time, and the only time, that the objection can be made.

*Hamblin & Russel,* for appellees.

HAMILTON, J.—This is an appeal from a judgment rendered in the court below in favor of the appellee against

appellants upon a note—Carr as maker and Briggs and Yard as indorsers—for $1,277 10.

The errors assigned are: First, that the appellants objected to submitting the cause to the jury impanneled, because, as appeared by comparison of the roll of said jury with the jury-list, the names of five of the jurors, whose names are given, were not upon the jury-list, which objection was overruled; second, because the jurors, when impanneled, were not questioned as to their qualifications under the statute; and, third, because an oath prescribed by order No. 13, from headquarters, district of Texas, was administered to each of said jurors without lawful authority.

The question raised by first assignment of error was settled by this court at the present term, in the case of Joseph Pauska v. Leopold Daus. [*Ante*, p. 67.] Every intendment is in favor of the correctness of the proper action of the court until the error is made manifest. The action of the court is justified by article 3985 of Paschal's Digest upon a state of case which it is presumed existed in this case. As to the supposed error in the second assignment, it is enough to say that there appears to have been no objection on the part of appellants to the jurors or any of them on account of want of qualification before the trial, and no request made to have them questioned touching their qualifications under the statute. The objection comes too late.

The oath administered to the jurors under the military order complained of in the third assignment of error was properly administered. By virtue of the acts of congress justice is administered and the civil affairs of the state government carried on under military supervision. If this objection were tenable, this court would not be competent to try any cause or settle any question. There is no error in the record, and the judgment is

AFFIRMED.