Chicago, Rock Island & Pacific Railway Company v. A. L. Burns.

No. 1795.  Decided February 5, 1908.

**Practice on Appeal—Contract—Statement of Facts.**

The question of error in a charge in assuming that the conductor of a train might waive a condition in the written contract for transportation requiring a passenger to ride in the caboose of the train, is not presented on appeal where the statement of facts contains no copy of the contract nor full statement of its terms and conditions.  (Pp. 329, 330.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Montague County.

Burns sued the railway company and had judgment, from which defendant appealed, and obtained writ of error on its affirmance.

*N. H. Lassater, Robert Harrison* and *Jas. A. Graham,* for plaintiff in error.—There is nothing to show that the conductors had any authority to waive any of the provisions of the written contract, and especially to waive the stipulation therein contained that the plaintiff should not recover for any injuries received by him while riding in any other part of the train than the caboose; and the charge authorizing the jury to disregard this stipulation if they found it was waived because the conductors permitted the plaintiff to ride in the emigrant car, is error.  Gulf, C. & S. F. Ry. Co. v. Jackson & Edwards, 89 S. W. Rep., 968; Wills v. International & G. N. Ry. Co., 92 S. W. Rep., 274; Texas & P. Ry. Co. v. Smith, 84 S. W. Rep., 852; Baker & Co. v. Kellett-Chatham Mach. Co., 84 S. W. Rep., 661; Drolshagen v. Union Depot Co., 85 S. W. Rep., 344; Texas & P. Ry. Co. v. Black, 27 S. W. Rep., 119.

*Chas. B. Lilly, W. S. Jamison,* and *C. C. Porter,* for defendant in error.—There was no contract in evidence and no defense on the part of the appellant could have been predicated upon such contract.

Mr. Chief Justice Gaines delivered the opinion of the court.

When we granted the writ of error in this case we were of the opinion that the trial court erred in charging the jury in effect, that the conductor of the train might waive the condition in the contract of transportation which required the plaintiff to ride in the caboose of the train.  But an inspection of the record discloses that while the written contract in question was offered in evidence it is neither set out *in haec verba,* nor in substance and effect in the statement of facts; nor is any reference made therein to any other part of the record, so that the court can know what the contract was.  Sevier, the agent with whom the contract was made, testified as appears from the statement of facts: "Said contract was written on a printed form, the original of which is attached to my

deposition, also a true copy of same, as original is defaced. The contract attached to my deposition contains all the provisions and agreement contained in the contract." The following agreement also appears in the statement of facts: "It was next agreed by attorneys that such parts of the contract referred to should be considered in evidence and referred to by either side in the argument, without being read at this time." We infer that the contract was considered as being in evidence and the exhibits to the deposition of Sevier ought to have been copied in the statement of facts, but this was not done. There are some vague remarks about the contract in the testimony of the plaintiff, but nothing to show with any certainty its terms. If it was not burdened with limitations and conditions, it was a very unusual one of its class.

The terms of the contract not appearing in the statement of facts, how can we say, that the court erred in its charge in reference to the authority of the conductor to waive the condition that plaintiff should ride only in the caboose? There may have been something in its stipulations which expressly or impliedly conferred upon the conductor that authority. Since the written contract does not appear in the statement of facts, the question upon which we granted the writ of error is not raised and we therefore overrule the assignment which presents it.

The other assignments of error in the application have been considered and we are of the opinion that they point out no error. The judgment of the District Court and that of the Court of Civil Appeals are affirmed.

<div align="right">

*Affirmed.*