## MILLS et al. v. MILLS.　(No. 575–4039.)

(Commission of Appeals of Texas, Section A. Oct. 22, 1924.)

**1. Appeal and error ⬦⟶638—Judgment not reversed because statement of facts does not appear to be complete.**

A judgment cannot be reversed merely because statement of facts does not appear to be complete.

**2. Appeal and error ⬦⟶719(1)—Error not assigned must be apparent on record and affect result.**

An error not assigned, of which Court of Civil Appeals may take cognizance, must be one of law apparent on record, which necessarily affected result, and it must plainly appear from record that, in absence of such error, result might have been different.

**3. Appeal and error ⬦⟶900—All presumptions are in favor of correctness of judgment.**

All presumptions are in favor of correctness of judgment of trial court.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

In the matter of the estate of Ella D. Mills, deceased. On proceeding by J. H. T. Mills, proponent for probate of will, contested by Marshall Mills and others. From a judgment of the Court of Civil Appeals (253 S. W. 542), reversing and remanding to lower court, contestants bring error. Judgment of Court of Civil Appeals reversed, and that of trial court affirmed.

H. C. Bishop, of Hubbard, Chas. L. Black, of Austin, and Jno. Abney, of Hillsboro, for plaintiffs in error.

A. M. Frazier and J. E. Clarke, both of Hillsboro, for defendant in error.

CHAPMAN, J. Four opinions by our appellate courts have been written on this case, which may be found in 206 S. W. 100, 228 S. W. 919, 231 S. W. 697, and 253 S. W. 542. No good purpose could be served in reviewing these various decisions here. There is only one question for our consideration. The Court of Civil Appeals, after having affirmed the judgment of the trial court on the record that it had before it, then on motion for rehearing reversed and remanded the case upon the sole ground that the statement of facts did not appear to be complete. The question is: Was the Court of Civil Appeals in error in reversing and remanding the case under these conditions?

In Chicago, Rock Island & Pacific Ry. Co. v. A. L. Burns, 101 Tex. 329, 107 S. W. 49, in an opinion by Chief Justice Gaines, the question under consideration was whether or not the trial court erred in charging the jury in effect that the conductor of the train might waive the condition in the contract of transportation which required the plaintiff to ride in the caboose of the train. The record showed that the contract was introduced as a part of the evidence, but it was not placed in the statement of facts on appeal, and therefore the appellate court had no way of determining what was in the contract with reference to the right of the conductor to waive this condition, and in discussing this phase of the case the court said:

"The terms of the contract not appearing in the statement of facts, how can we say that the court erred in its. charge in reference to the authority of the conductor to waive the condition that plaintiff should ride only in the caboose? There may have been something in its stipulations which expressly or impliedly conferred upon the conductor that authority. Since the written contract does not appear in the statement of facts, the question upon which we granted the writ of error is not raised, and we therefore overrule the assignment which. presents it."

It would appear in this case that the appellate court was clearly apprised of the fact that a very important matter of evidence was left out of the statement of facts on appeal; but there is nothing in this opinion to indicate that the Supreme Court even considered the matter of reversing and remanding the case because the statement of facts was not complete. In Harris v. Shafer, 86 Tex. 314, 24 S. W. 263, in an opinion by Justice Brown, we find this statement:

"We believe that the judgment of the district court was rightly rendered for Shafer, and cannot reverse a correct judgment in order to give the losing party an opportunity to produce evidence which was not offered in the first place, especially when they claim no interest in their own right. This court can set aside judgments of inferior courts only when they are wrong, and never when 'they are right under the law and evidence as introduced, unless some error has been committed in excluding proper evidence offered in that court."

And in Simmons v. Dickson, 110 Tex. 230, 218 S. W. 365, in an opinion by Chief Justice Phillips, we find the following:

---

⬦⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"We would not be warranted in reversing a correct judgment to enable the losing party here to adduce proof which he should have offered in the first instance."

[1] It appears from the last two cases cited that a correct judgment will not be reversed to enable the losing party to adduce proof, which he should have offered in the trial of the case, and if a correct judgment will not be reversed for this cause, then such a judgment would certainly not be reversed to enable a party to introduce proof, which probably had already been introduced, but which the party through his negligence failed to incorporate in the statement of facts;

[2] In Searcy v. Grant, 90 Tex. 97, 37 S. W. 320, in an opinion by Justice Brown, we copy as follows:

"An error, not assigned, of which the Court of Civil Appeals may take cognizance, must be an error of law apparent on the record, which necessarily affected the result, and it must plainly appear from the record that in the absence of such error the result might have been different."

We think that this quotation is very applicable to the case under consideration, because it shows that, in order to justify the Court of Civil Appeals in reversing the instant case, if they could reverse and remand because of an incomplete statement of facts, it must not only appear that the statement of facts is incomplete, but it must also appear that, if the statement of facts were complete, the Court of Civil Appeals might have reached a different decision to the one they did reach.

[3] Reasoning from the decisions above quoted, we are of the opinion that the Court of Civil Appeals erred in reversing and remanding this case, because in doing so they had to first presume that the statement of facts was incomplete, there being no affirmative showing that it is not complete, and then presume that, if the statement of facts had been complete, they would have been justified in reaching a different conclusion with reference to the case from the one that they did reach, and this would be in effect basing a presumption upon a presumption against the correctness of the judgment of the trial court, and this would be in conflict with the well-settled law that all presumptions are in favor of the correctness of the judgment of the trial court, and that appellant must affirmatively show error before he is entitled to reversal. ·

The Court of Civil Appeals doubtless based its action in reversing and remanding this case upon a statement by the Commission of Appeals in this case (228 S. W. 919), which is as follows:

"The statement of facts is obviously incomplete, and does not contain all the evidence offered, most important parts being omitted, and under such circumstances a remand of the case for another trial is justified, if not demanded, by the following authorities. * * *"

The Supreme Court first adopted the recommendation of the Commission of Appeals to reverse and remand to the trial court, but on motion for rehearing (231 S. W. 697) remanded to the Court of Civil Appeals.

We have examined the authorities cited under this statement, and in our opinion they do not apply to the question under consideration, for in each of those cases the appellate court had determined that the cause should be reversed and remanded, or reversed and rendered, and held that, in view of the fact that the case did not appear to have been fully developed in the trial court, justice required that the case be reversed and remanded rather than reversed and rendered.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that the judgment of the trial court be affirmed.

CURETON, C. J.   The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.