BAKER et al. v. ELLIOTT.
No. 2688.

Court of Civil Appeals of Texas. Waco.
Nov. 27, 1946.

L. L. Geren and B. L. Bradley, both of Groesbeck, and L. B. Aultman, of Mexia, for appellants.

Lewis M. Seay and Carl Cannon, both of Groesbeck, for appellee.

HALE, Justice.

Appellee, T. E. Elliott, sued appellants, Arthur Baker, Desota Baker and Floyd Anglin, in trespass to try title for the re-covery of 37 acres of land. Appellants an-swered with a plea of not guilty and by way of cross-action they affirmatively pleaded that appellee, in order to prove title to the land in dispute, would rely upon a pur-ported deed of conveyance to him from their deceased parents, W. L. Baker and wife, dated March 12, 1940, but that such purported deed should be canceled and set aside because it was in reality a void mort-gage on the homestead of the grantors and not a conveyance of the fee simple title. The case was tried before the court without a jury and resulted in judgment for appel-lee.

Appellants predicate their appeal on one point, viz.: "This case should be reversed and rendered because of the error of the court in holding contrary to the law and contrary to the evidence and his findings of fact that the instrument from W. L. Baker and wife, Mattie Baker, to T. E. Elliott of March 12, 1940 was a deed and not a mort-gage."

Upon the trial of the case it was agreed that W. L. Baker and wife was the common source of title, appellee claiming under a deed from them and appellants claiming as their heirs at law. Appellee introduced in evidence an instrument purporting on its face to be an absolute, unconditional deed of conveyance, reciting a cash considera-tion of ten dollars and "other valuable con-sideration to us in hand paid by T. E. El-liott, the receipt of which is hereby ac-knowledged," with covenants of general warranty, dated March 12, 1940, executed and acknowledged in due form by W. L. Baker and wife, Mattie Baker, whereby the grantors therein sold and conveyed to appellee all their undivided interest in and to a 147-acre tract of land, including the 37 acres here in controversy. Thereupon appellee rested his case.

Having thus established prima facie a good legal title in himself to the land in dispute, appellee was entitled as a matter of law to the recovery sought by him un-less appellants proved by competent evi-dence that the execution and delivery of the deed dated March 12, 1940 was part of a simulated transaction and that it was the true intention of the parties to such instru-ment that the same should operate as a

mortgage on the homestead of their parents and not as an absolute conveyance of the fee simple title. In an effort to prove such facts appellants called appellee, Arthur and Desota Baker and two other witnesses to testify in their behalf.

From all the testimony adduced and the express findings of the trial court it appears that W. L. Baker inherited an undivided interest in the 147 acres of land described in the purported deed of conveyance; he and his wife occupied the particular 37 acres in controversy as their homestead for many years prior to their death; on and prior to March 12, 1940, Arthur Baker was desirous of securing from appellee four mules of the approximate value of $395; Arthur Baker, his father and appellee went to the office of an attorney and stated in substance they wanted the attorney to draw a deed of trust covering the land in controversy for the purpose of securing appellee in the payment of a debt; the attorney advised the parties in effect that a mortgage or deed of trust on homestead property would be of no force and thereupon the parties left his office; at a later time the same attorney was requested to prepare a general warranty deed covering the land in dispute and in pursuance thereof he prepared the deed above referred to; W. L. Baker and wife executed and delivered the deed; appellee then delivered the four mules to Arthur Baker who in turn disposed of the same; the 37 acres and improvements was of the approximate value of $1,200 but the accrued and unpaid taxes due against the 147 acres was approximately $1,500; appellee promptly recorded his deed but he did not render the property for taxes in his name and he permitted W. L. Baker and wife to occupy the same until they died.

The pleadings and evidence show that W. L. Baker and his wife each died some time between March 12, 1940, and the time when this suit was instituted. Whether appellee did or did not make seasonable objection to any or all of the testimony of Arthur Baker or Desota Baker relating to transactions with their deceased parents because in contravention of Art. 3716 of Vernon's Tex. Civ.Stats. is a subject of dispute between the parties to the appeal. If such objec- tions were so made much of their testimony was inadmissible and incompetent. Appellee says such objections were made and appellants say they were not. From the record as a whole this court cannot ascertain with any degree of certainty whether or not such objections were so made. The confusion and uncertainty in the record arises from apparent conflicts in the transcript and from the unusual manner in which the statement of facts has been prepared and brought up.

On March 25, 1946, upon the conclusion of all of the evidence, appellee filed his written motion for judgment "because he says that the defendants in this cause have wholly failed by admissible, legal testimony to offer any defense to plaintiff's cause of action." On April 22, 1946, the court rendered judgment for appellee, finding therein generally "that the law and the facts are with the plaintiff T. E. Elliott, and that he should by reason thereof recover a judgment in said cause." However, on May 22, 1946, at the request of appellants, the court filed specific findings of fact and conclusions of law wherein he found various and sundry evidentiary matters tending strongly to show that the execution of the purported deed was part of a simulated transaction. Although the court did not expressly find as an ultimate fact that the transaction was or was not simulated or what the true intention of the parties to the purported deed might have been, yet he concluded generally that the instrument in dispute "was a deed of the Baker homestead to T. E. Elliott." Counsel for appellee promptly filed exceptions to such evidentiary findings on the grounds that they were based in part upon the inadmissible and incompetent testimony of the heirs of W. L. Baker and wife in violation of Art. 3716 of Vernon's Tex.Civ.Stats.

It further appears that the court reporter prepared a statement of facts in question and answer form which counsel for appellee refused to approve because it omitted certain material matters, such for example as their claimed objections to the testimony of Arthur Baker and others, but the trial court approved the same on May 30, 1946, ordered it filed as a part of the record and it was so filed as the statement of facts in

this cause. Thereafter, a further hearing was had before the court on appellee's objections to the so-called original statement of facts and upon the conclusion of the evidence adduced at the hearing the court reporter reduced the same to writing, certified to its correctness and thereupon the trial court approved the same, ordered it filed as a supplemental statement of facts in this cause and it was so filed. The original statement of facts does not show timely objections to the testimony of the witnesses relating to transactions with the deceased but the supplemental statement of facts indicates that such objections were made. Hence this court cannot determine what part, if any, of the material testimony of Arthur or Desota Baker might have been properly or improperly admitted in evidence.

██ It has long been the law in this state that when a court of competent jurisdiction has rendered a final judgment in a civil cause, such as is here involved, it must be presumed upon appeal that such judgment is correct unless the contrary is affirmatively made to appear from the record. Pierce v. Pierce, 21 Tex. 469; Tweedy v. Briggs & Yard, 31 Tex. 74; Luse v. Penn, Tex.Civ.App., 220 S.W. 303 (er. dis.); International & G. N. R. Co. v. Smith, Tex.Sup., 14 S.W. 642; Mills v. Mills, Tex.Com.App., 265 S.W. 142; Uvalde Const. Co. v. Joiner, 132 Tex. 593, 126 S.W.2d 22, pt. 3; Bennett v. Jackson, Tex. Civ.App., 172 S.W.2d 395, pt. 2 (er. ref.) In this case we cannot say from the record before us that the admissible, competent evidence, or the specific findings of fact by the trial court, showed conclusively as a matter of law that the execution and delivery of the deed dated March 12, 1940 by W. L. Baker and wife to appellee was a simulated transaction or that the parties thereto intended such instrument to be other than that which on its face it purported to be.

Furthermore, even though it be assumed that all of the testimony offered on the trial was properly admitted in evidence so as to render the court's specific findings of fact binding upon appellee, we think the trial court could have properly found from all the facts and circumstances in evidence before him that the execution and delivery of the deed was a good faith transaction and that it was not the intention of the parties thereto that such instrument should operate as a pretended sale or mortgage. Gray v. Shelby, 83 Tex. 405, 18 S.W. 809; Young v. Blain, Tex.Com.App., 245 S.W. 65; Anglin v. Cisco Mortg. Loan Co., 135 Tex. 188, 141 S.W.2d 935. Appellee testified. in substance that the value of his four mules exceeded the value of the 37 acres of land after deducting from the latter the amount of unpaid taxes which had accrued against the same; he did not attempt immediately after March 12, 1940, to pay the past due taxes, or to render the property in his name for taxes, or to dispossess W. L. Baker and wife, because he had acquired only an undivided interest in the entire tract of 147 acres; that he expected to secure a partition of the land (and the record indicates that he did so some time prior to the institution of this suit) and then demand possession and pay the back taxes on the land that might be set aside to him.

██ Since the evidence as a whole tendered the ultimate issues of fact above indicated, that is, the bona fides and true intention of the parties, since the trial court did not make any express finding thereon, and since he was not specifically requested by appellants so to do, we must presume that the court correctly found such ultimate issues in support of his judgment. Lincoln Nat. Life Ins. Co. v. Anderson, Tex.Civ. App., 71 S.W.2d 555, pt. 3; Miller v. State ex rel Abney, Tex.Civ.App., 155 S.W.2d 1012, pts. 1 and 2 (er. ref.); Rules 296, 298 and 299, Texas Rules Civil Procedure; Penn v. Abell, Tex.Civ.App., 173 S.W.2d 483, pt. 11; Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562, pt. 5.

Therefore, the point upon which appellants predicate their appeal must be and it is hereby overruled and the judgment of the trial court is affirmed.