## MILLER v. LEARY.
### No. 12342.

Court of Civil Appeals of Texas. Galveston.

Jan. 24, 1952.

Rehearing Denied Feb. 14, 1952.

Masterson & Pope and Fred L. Williams, Jr., all of Angleton, for appellant.

Frank Webb, of Houston, for appellee.

GRAVES, Justice.

This action was begun by appellee in the District Court of Brazoria County, Texas, in the year 1945. The suit was one to cancel "a deed or deeds," and to remove cloud from title to, a ten-acre tract of land in Brazoria County, which appellee claimed to own.

Before the case was brought to trial, appellant filed a cross-action in trespass to try title, placing in issue the title to the same ten-acre tract, mentioned in appellee's suit.

Appellee, in response to the cross-action, filed a supplemental petition, on April 14, 1951, consisting of a general denial, and a plea of not guilty.

Trial was had before the court, a jury having been waived by both parties. The court entered judgment for appellee, both on the original action, and the cross-action. Appellant has perfected his appeal from that judgment and by such appeal seeks to have the judgment reversed and rendered for appellant, or, in the alternative, that a new trial be granted.

The trial court filed no findings of fact nor conclusions of law otherwise than as recited in its judgment, nor were any requested by either party.

In this Court, through a number of Points of Error, the appellant complains of the judgment so adverse to him below, such Points being reducible, it is thought, without sacrifice to their material substance, to these three positions:

First, the court's judgment was ambiguous, in that it did not pronounce the sen-

tence of the law with respect to either (1) "appellee's action to cancel a deed or deeds," or (2) "appellant's cross-action in trespass to try title";

Second, such judgment "finds that the deed sued on was void, but did not describe the deed, nor provide any means by which it could be identified";

Third, the undisputed evidence showed that appellant not only had the legal title to the land involved, under a chain of valid conveyances from the appellee thereto, but that he had had prior peaceable possession of the premises, as against the appellee, who presented no evidence of a title in him thereto. None of these presentments, it is determined, should be sustained.

■ Since, in a trial before the court without a jury, neither party requested, nor did the court of its own accord, file any additional findings of fact, or law, than the judgment contained, it is conclusively presumed on the appeal that all issues of fact were found in such way as to support the judgment. Baker v. Elliott, Tex.Civ.App., 198 S.W.2d 152; Williams v. Ritcheson, Tex.Civ.App., 212 S.W.2d 813.

■ Wherefore, it is permissible, if not required, that the precise ground on which the court's judgment was predicated, be stated. There seems to this Court to have been no ambiguity in the trial court's judgment with reference to the land involved, which was ten acres, described as Lot 1, Block 10, Section 25, I. & G. N. Ry. Co. Survey, Abstract 620, in Brazoria County, Texas, no other deed in reference thereto which the trial court determined to be void; indeed, the appellant, himself, contended that his title to the land was based upon a Sheriff's Deed thereto, to J. S. Jackson, in cause No. 23,625, styled the State of Texas v. E. M. Leary, the appellee herein, which was a tax suit foreclosing an asserted tax lien against Leary therein; appellant, after declaring such to have been his record-title claim to the land, further claimed it by virtue of the 3- and 10-year statutes of limitation, as above indicated.

The appellee's brief thus re-states, and correctly so, the situation before the Court:

"Thus it is clear, from the pleadings, that the deed sued on here and the deed referred to in the judgment of the trial court is a deed from the Sheriff of Brazoria County, Texas, to J. S. Jackson, issuing under and by virtue of a judgment in Cause No. 23,625, styled The State of Texas v. E. M. Leary, so that, when the court said, in its judgment, that the deed sued-on was void, the court meant, and could have meant nothing else than, that the deed from the Sheriff to J. S. Jackson, which is referred to in appellee's original petition, and the deed referred to in the appellant's cross-action, and third amended original petition, was a void deed." Such being the boiled-down state of the record on the appeal, the only remaining inquiry is whether or not the court erred, as a matter of law, in holding that the deed so claimed under by appellant, as constituting his whole title, was void, as well as its finding as to his occupancy and three-year limitation thereunder, was supported.

The claim for limitation has been disposed of, supra, under the presumption there stated, that the evidence supported it.

■ The trial court held that the tax sale, out of which the appellant so claims title through the deed of J. S. Jackson to him, was void, presumptively, at least, because, first, the land was struck off to Jackson for the small sum of $2.00, when the amount of taxes against it was $58.12, with accumulated court costs of $18.60— totaling $76.72; second, the evidence showed that there were two tracts of the land so sold, one for the ten acres here involved, and another for two acres, which had values of $600 and $300 placed upon them—the inadequacy of the price so obtained at the sale being thus apparent, upon the face of the record; third, the order of sale, lying back of such deed to Jackson, directed that the two tracts of land involved be sold separately, whereas, they were, in fact, sold in solido; Rotge v. Murphy, Tex.Civ.App., 198 S.W.2d 932; Keenan v. Slaughter, 49 Tex.Civ.App. 180, 108 S.W. 703; O'Hanlon v. Morrison, Tex.Civ.App., 187 S.W. 692; Land v. Banks, Tex.Com.App., 254 S.W. 786; Daw-

son v. Ward, 71 Tex. 72, 9 S.W. 106; Pitts v. Mills, Tex.Civ.App., 19 S.W.2d 99; Fink v. White, Tex.Civ.App., 133 S.W.2d 137; and Fink v. Grevsgard, Tex.Civ.App., 123 S.W.2d 383.

Further discussion is deemed unnecessary, since these conclusions require an affirmance of the judgment. It will be so ordered.

Affirmed.