## NICHOLS et al. v. MASSEY et al.
### No. 6286.

Court of Civil Appeals of Texas. Amarillo.
Feb. 9, 1953.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellants.

Underwood, Wilson, Sutton, Heare & Boyce, Culton, Morgan, Britain & White, Amarillo, for appellees.

NORTHCUTT, Justice.

This suit was instituted by Hazel McIlroy Nichols individually and as next friend for her two minor daughters, Nancy Nichols and Dawn Nichols, as plaintiffs, against Hollis Massey and Leon L. Hoyt, Jr., trustees, as defendants. Kathryn Thelma Antonio and Kathryn Byrd McIlroy refused to join as plaintiffs and were involuntarily joined as plaintiffs. Hazel

McIlroy Nichols and Kathryn Thelma Antonio are the daughters of Kathryn Byrd McIlroy. Kathryn Byrd McIlroy created a trust retaining certain payments to be paid to her by the trustees named and naming her two daughters and her two granddaughters as beneficiaries. Originally Hazel McIlroy Nichols and Leon L. Hoyt, Jr., were named as trustees under the trust, but later, by an order of the court, Hollis Massey was made trustee to replace Hazel McIlroy Nichols as trustee. In handling such trust, Hollis Massey and Leon L. Hoyt, Jr., for their compensation as such trustees, paid themselves 5 per cent of the money taken in and paid out. This suit was brought against these defendants for a declaratory judgment alleging that the compensation charged by the defendants as trustees was in excess of the amount which properly could be charged under paragraph 22 of the trust agreement, and then alleged what parts of the compensation charged by the defendants were in excess of said paragraph 22 of the trust agreement. That part of paragraph 22 relied upon by the plaintiffs reads as follows: "The trustees shall be entitled to receive compensation, the total compensation of the trustees then serving not to exceed the statutory compensation now allowed by law to executors and administrators."

The defendants, Massey and Hoyt, besides their answer, filed their cross-action for their commissions. The trial court found for the defendants, Massey and Hoyt, and against the plaintiffs. The plaintiff, Hazel McIlroy Nichols, individually and as next friend of her minor children, Nancy Nichols and Dawn Nichols, excepted to the ruling of the court in sustaining the motions of the defendants for summary judgment on plaintiffs' petition and allowing the defendant Hoyt additional commissions, and hence this appeal. It is the contention of appellants that the court erred in holding that the trustees were entitled to a 5 per cent commission on sums distributed to or for Kathryn Byrd McIlroy, since the trust provided that the compensation of the trustees should not exceed the statutory compensation allowed by law to executors and administrators came within

Article 3690, Vernon's Annotated Civil Statutes of Texas, wherein it states a commission shall not be allowed—"for paying out money to the heirs or legatees as such."

■ This appeal is before this court without any statement of facts containing the admissions and depositions. Some of the pleadings refer to the depositions and admissions and what they disclose, but do not contain these instruments. The presumption is that all issues were found in such way as to support the judgment. Lindsey v. Williams, Tex.Civ.App., 228 S.W.2d 243, 249, "As there is no statement of facts before us to show what took place on the original trial of this case, we must conclusively presume that all facts were found in support of the judgment upon evidence legally admissible." Miller v. Leary, Tex.Civ.App., 245 S.W.2d 980, 981, "Since, in a trial before the court without a jury neither party requested, nor did the court of its own accord, file any additional findings of fact, or law, than the judgment contained, it is conclusively presumed on the appeal that all issues of fact were found in such way as to support the judgment. Baker v. Elliott, Tex.Civ.App., 198 S.W.2d 152; Williams v. Ritcheson, Tex.Civ.App., 212 S.W.2d 813." Chalmers v. Kimbrough, Tex.Civ.App., 227 S.W.2d 615, 616, "It is the settled rule that when no statement of facts is filed and there are no findings or conclusions filed by the trial court, the appellate court will presume there was evidence heard in support of the judgment entered. Foley v. Currie, Tex.Civ.App., 189 S.W.2d 349, writ refused, n. r. e., and cases cited."

■ The appellants have not affirmatively shown the judgment of the trial court was incorrect. Baker v. Elliott, 198 S.W. 2d 152, 154:

"It has long been the law in this state that when a court of competent jurisdiction has rendered a final judgment in a civil cause, such as is here involved, it must be presumed upon appeal that such judgment is correct unless the contrary is affirmatively made to appear from the record. Pierce v. Pierce, 21 Tex. 469; Tweedy v.

Briggs & Yard, 31 Tex. 74; Luse v. Penn, Tex.Civ.App., 220 S.W. 303 (er. dis.); International & G. N. R. Co. v. Smith, Tex.Sup., 14 S.W. 642; Mills v. Mills, Tex.Com.App., 265 S.W. 142; Uvalde Const. Co. v. Joiner, 132 Tex. 593, 126 S.W.2d 22, pt. 3; Bennett v. Jackson, Tex.Civ.App., 172 S.W.2d 395, pt. 2 (er. ref.)."

City of Galveston v. Winslow, 218 S.W. 2d 508, 511;

"It is a well established rule of law in this state that, when no findings of fact have been requested or filed an appellate court must assume that the trial court correctly found all fact issues having support in the evidence in favor of the judgment rendered. Texas Rules of Civil Procedure, rules 296, 298, 299; Baker v. Elliott, Tex. Civ.App., 198 S.W.2d 152; Bostwick v. Bucklin, Tex.Civ.App., 190 S.W.2d 814, affirmed by the Supreme Court in 144 Tex. 375, 190 S.W.2d 818."

However, we cannot agree with the contention of the appellants that the trustees were in the same position of an exccutor or administrator in "paying out money to the heirs or legatees as such." We interpret "paying out money to the heirs or legatees as such" to mean the delivery over to the heir or legatee of that portion belonging to him under the terms of the will or the law of descent and distribution.

Kathryn Byrd McIlroy was the creator of the trust in question and the payments were made to her as such and not as heir or legatee. She did not contest the payment of the 5 per cent commission and from this record it is shown she intended by the terms of such trust that the 5 per cent as found by the court should be paid. If there is any question as to the meaning of paragraph 22 of the trust, and Kathryn Byrd McIlroy created the trust, she would be the best interpreter of the instrument as to what she meant.

We have carefully examined the contentions urged by the appellants and in our opinion none of them reflects errors. The judgment of the court below will therefore be affirmed.