Mary Gein BURNS et al., Appellants,

v.

W. N. WOOD et al., Appellees.

No. 334.

Court of Civil Appeals of Texas.

Tyler.

April 11, 1968.

Rehearings Denied May 2, 1968.

R. E. McDaniel, Winnie, for appellants.

B. F. Whitworth, Jasper, for appellee W. N. Wood.

Spruiell, Lowry, Potter, Lasater & Guinn, John H. Minton, Jr., Tyler, for appellees R. C. Goodrich et al.

MOORE, Justice.

Appellee, W. N. Wood, brought suit against appellants, Mary Gein Burns and husband, Joe Burns; Richard E. Mc-Daniel; Billy Hunt; and Robert Fairchild, hereinafter referred to as the "Burns Group", and appellees, R. C. Goodrich; R. E. Goodrich; Arlie G. Carlton; Edith Guinn; Don G. Goodrich; Anita Wilson and husband; Oma Chapman and husband; D. N. Beasley; John H. Minton, Jr.; V. A. Jones, Sr.; and D. B. Speights, hereinafter referred to as the "Goodrich Group", for partition of the surface estate of 83⅓ acres of land alleging that the land was jointly owned by the parties plaintiffs and defendants.

The Burns group denied generally the allegations of the plaintiffs' petition, and asserted a claim to all of the land. As a basis for their claim of title, they alleged that the rights of the parties had theretofore been settled by judgment of the Supreme Court of this state in a suit styled Burns et al. v. Goodrich et al., Tex., 392 S.W.2d 689. They take the position that the foregoing decision granted them the title and possession to the entire tract and that such judgment is therefore res judicata of the rights of the parties to the present suit. They also assert that W. N. Wood and the Goodrich group were estopped by such judgment to assert a claim to any interest in the land. They also alleged that appellees' partition suit was subject to their plea of res judicata because appellees failed to request a partition in the previous suit.

The Goodrich group answered and admitted joint ownership of the land, and prayed for a partition. However, they prayed that they be awarded a specific 16⅔ acres upon which C. K. Goodrich, deceased, had erected a house. They also sought recovery against the Burns group for the reasonable rental value of the house, which they alleged was used by Mary Gein Burns and husband as their home for approximately five years.

Upon a trial before the court, without a jury, the trial court rendered judgment decreeing partition finding that the surface estate in and to the land in question was owned as follows. ⅗ths (66⅔ acres) by W. N. Wood; ⅕th (16⅔ acres) by the Burns group; and ⅕th (16⅔ acres) by the Goodrich group. The Goodrich group was awarded a specific 16⅔ acres surrounding the house theretofore erected by C. K. Goodrich, and the heirs of C. K. Goodrich were awarded a judgment for rents against Mary Gein Burns and husband in the sum and amount of $280.00 for the reasonable rental value of the house for approximately five years. Commissioners were appointed to partition the land in kind in accordance with the terms of the judgment.

This appeal was perfected by the Burns group, who will hereinafter be referred to as the appellants. The Wood and Goodrich group will hereinafter be referred to as the appellees.

Appellants first contend that the effect of the previous judgment of the Supreme Court in Burns v. Goodrich, supra, was to grant all right, title and interest to all the 83⅓ acre tract of land in question. Based upon this premise, they take the position that the previous judgment rendered by the Supreme Court is res judicata upon the question of title. Consequently, they contend that the court erred in overruling their plea of res judicata and their plea of estoppel by judgment. Alternatively, they say that appellees waived their right to partition by failing to seek a partition in the previous suit. We have concluded that appellants' position in this respect is untenable and must be overruled.

■ The previous opinion by the Supreme Court in Burns v. Goodrich, supra, as well as the opinion by the Court of Civil Appeals, clearly shows that the only question involved there was the question of whether or not the trial court had abused its discretion by enjoining the Burns group from going upon the land. The Goodrich group brought the suit alleging that they

owned the land and that Mary Gein Burns and other members of the Burns group had no title, but were trespassers and had wrongfully taken possession. They therefore sought a mandatory injunction to remove Mary Gein Burns and husband from the land and to prohibit them from going upon the land. The trial court granted the injunction. In reversing and rendering the cause, the Supreme Court merely held that upon the record before it, the Burns group had shown that they owned an undivided 16⅔ acres interest in the land and consequently were rightfully in possession as joint tenants. The Supreme Court concluded, therefore, that the trial court exceeded its authority in enjoining them from going upon the land. As we interpret the decision, the finding by the court that the Burns group owned an interest in the land was not an adjudication of title as such, but was only incidental to the determination of the propriety of the injunction. But irrespective of the legal effect of such a finding, we think the final judgment of the Supreme Court clearly shows that appellants were not awarded title and possession of the entire tract. The judgment rendered by the court reads, in part, as follows:

"* * * it is *adjudged, ordered* and *decreed* that said judgments be, and hereby are reversed and set aside, and the injunction granted thereby is dissolved.

"And this Court now proceeding to render judgment as should have been rendered below, it is *considered, adjudged* and *decreed* that the prayer for injunctive relief of respondents (plaintiffs in the District Court), * * * be and the same is hereby denied." (Italics by the Court.)

■ We fail to find anything either in the foregoing judgment or in the opinion of the court which could be construed as awarding appellant, Mary Gein Burns, any title, much less title to the entire tract. Consequently, we think the plea of estoppel

by judgment, as well as the plea of res judicata, is wholly without foundation and could not therefore constitute a bar to appellees' suit for partition.

Appellants next contend that because appellees failed to request a partition in the previous injunction suit, they were forever barred from asserting a cause of action for partition. They argue that since the doctrine of res judicata prohibits a splitting of causes of action, appellees should not be allowed to maintain the present suit because it would allow them to split the cause of action and subject appellants to litigation twice upon the same subject matter.

The rule against "splitting of actions" is stated in 34 Tex.Jur.2d, page 592, Sec. 516, as follows:

"A party will not be permitted to split a single and indivisible claim or demand so as to make it a basis for successive suits, and if he attempts to do so, the judgment in the first case decided will bar prosecution of the others, unless the defendant is estopped by his conduct from raising the question of prior adjudication. * * *"

In the previous suit for injunction, the Goodrich group took the position that the Burns group owned no interest in the land, but were mere trespassers. Based upon this assumption, which was later determined to be false, they sought to enjoin the Burns group from using the land. After the ruling by the Supreme Court in Burns v. Goodrich, supra, appellees changed their position and admitted the title of the Burns group and sought to partition the land among the various owners. Consequently, we think the present suit sets up a distinct and separate cause of action.

■ The rule against splitting causes of action has no application to several causes of action that are, in fact, distinct and separate even though they might properly be joined or consolidated. 34 Tex. Jur.2d, page 594. Since the present action

for partition is clearly distinct and separate from the previous suit for injunction, we fail to see how the rule against splitting causes of action would apply.

By the remaining point of error, appellants, Mary Gein Burns and husband, assert that the trial court erred in awarding the heirs of C. K. Goodrich a money judgment against them in the amount of $280.-00 for the reasonable rental value of the house situated upon the land. They insist that because they were co-tenants, they were not liable to the other co-tenants for the rental value of the house.

The evidence shows that the house in question was constructed by C. K. Goodrich who, after constructing the house, moved into it and lived there several years until the time of his death. After his death, in August, 1962, his heirs removed all of his furniture and personal effects and locked the doors and boarded up the windows. Shortly thereafter, during the month of August of the same year, Mary Gein Burns and husband moved into the house and have continued to reside therein until the present time. They admit that they did not obtain permission of either the Goodrich heirs or any of the other co-tenants. The evidence shows that at the time appellees filed the previous injunction suit, Mary Gein Burns and husband were residing in the house and at that time resisted appellees' demand for possession.

The general rule is that each co-tenant is entitled to possession of the common property, and a co-tenant in possession is not liable to co-tenants not in actual possession for the rental value of his possessory use. However, if the co-tenant in possession effects an ouster of the other co-tenants, he is then liable to them in their respective interests for the rental value of his possession. 15 Tex.Jur.2d, Sec. 11, page 167.

The record is before us without findings of fact or conclusions of law. It must therefore be presumed on this appeal that all issues of fact were found in such a way as to support the judgment, if there was evidence to support such a finding. Rule 299, Texas Rules of Civil Procedure; Miller v. Leary (Tex.Civ.App.) 245 S.W. 2d 980. We are required to presume, therefore, that the trial court found that Mary Gein Burns and husband ousted the Goodrich heirs of their possession; otherwise, the court would not have rendered a judgment for rent. As we view it, the evidence recited hereinabove is sufficient to support such a presumed finding. As a result of such implied finding of ouster, appellants, Mary Gein Burns and husband, became liable for rent. Appellants' third and fourth points are overruled.

By a cross point of error, the heirs of C. K. Goodrich contend that they should have been granted a judgment for rent in the amount of $920.00 rather than the sum of $280.00 awarded by the court. In this connection, the judgment shows that the court failed to award any rent to any of the other appellees, other than the Goodrich heirs; however, they make no complaint in the judgment and do not join with the Goodrich heirs in this point of error. The Goodrich heirs take the position that since the undisputed evidence shows their ancestor built the house and since the undisputed evidence further shows that the reasonable rental value of the same was $20.00 per month during the time it was occupied by Mary Gein Burns and husband, they, as heirs of C. K. Goodrich, should have been awarded judgment for the full amount of all the rent rather than a proportionate share thereof according to the interest owned by them. We have been unable to find any authority in support of such proposition and have been cited none.

As pointed out above, the general rule is that where a co-tenant has been ousted from possession, he may recover a reasonable rental value of the premises in proportion to his respective interest therein. We do not believe that the mere fact that one co-tenant constructs a

house on the common property would entitle him to all of the rents therefrom to the exclusion of his other co-tenants in the absence of other intervening equities. The record shows that the Goodrich heirs were the owners of only a fractional part of the ⅕th interest owned by the Goodrich group. The trial court followed the general rule and awarded them rent in proportion to their respective interest. As we view it, the record fails to reflect error in this respect. The cross point is overruled.

The judgment is affirmed.