Opinion issued
March 25, 2010

  

 

            

                                                            

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

________________

 

NO.01-08-1023-CV

________________

 

JO ANN H. MCGEHEE, Appellant

 

V.

 

DOUGLAS B. CAMPBELL, Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 157th District Court

Harris County, Texas

Trial Court Cause No. 2005-64573

 




 
 
 
 
 
 
 
 
 
 
 
 


 



MEMORANDUM OPINION

 

This appeal arises out of a suit to partition real
estate owned by Jo Ann H. McGehee (“McGehee”) and Douglas Campbell
(“Campbell”).  Both McGehee and Campbell
complain that the trial court erred in its judgment when it awarded $83,668.05
to Campbell as his share of the home they owned together.  McGehee complains that the trial court erred
in its award to Campbell because the award considered evidence that McGehee
contends was not properly disclosed in Campbell’s discovery responses.  Campbell complains that the trial court erred
because it credited McGehee for improvements she made without Campbell’s
consent, and because it did not properly credit him with half of the payments
made for the taxes, mortgage and insurance on the property from August 2001
through October 2003.  We affirm the
judgment of the trial court, in part, reform the trial court’s judgment to
award Campbell $93,567.05, or 49.76% of the equity in the home, and affirm the
judgment as reformed.

BACKGROUND

Campbell and McGehee purchased a home
together in March 1995 and lived in it together, along with Campbell’s
children, for a period of time.  In
October 2005, Campbell filed a lawsuit in Harris County, seeking to partition
the property and alleging that he and McGehee each had a 50% interest in the
property.  Campbell also alleged that the
property was not subject to partition, so he accordingly sought a sale of the
property and a division of the proceeds between himself and McGehee.  Campbell alternatively asked that, should the
property be awarded to McGehee, that he be awarded a disproportionate share of
the value of the home as damages, reflecting his ownership interest in the
property, and because he alleged that he had paid the down payment on the home,
that he had made a disproportionate share of the mortgage payments, insurance
and taxes, and that he paid for a disproportionate share of the repairs to the
home.  Campbell also alleged that McGehee
had received rental payments for the use of the home, and requested that those
rental payments be deducted from her share of the home’s equity.  Campbell also alleged a cause of action for
conversion, alleging that he had been excluded from the property and that, as
of September 2006, McGehee retained his personal property and effects in the
home without his consent.  Campbell
sought damages for his loss of use of the home.   

McGehee denied the allegations, and raised
several affirmative defenses.  She
responded to Campbell’s petition by alleging that she should receive a
disproportionate share of the home’s equity due to her own toil and efforts in
maintaining the property and due to her own payments of the mortgage, repair
costs, protection, and improvement of the home. 
Additionally, she alleged that she should be compensated for funds she
expended to maintain the household and care for Campbell’s children during the
period they lived in the home.  Campbell
denied McGehee’s allegations.

          The
case was tried to the bench on March 5, 2008. 
Both parties presented evidence.  Campbell
and McGehee testified regarding the payments they had made for the down payment
and other expenses associated with the property, and regarding the payments the
other had made.  Both parties introduced
exhibits in the form of cancelled checks, invoices, and summaries to
substantiate their testimony.  The
testimony revealed that, during the period in which they occupied the home
together, Campbell and McGehee were generally responsible for certain
categories of expenses but that there were often times when each would pay an
expense they did not usually pay.  After
August 2001, both parties testified that McGehee paid the bulk of the expenses
associated with the home.

After the conclusion of the trial,
the court issued its initial ruling on June 5, 2008 as follows: Campbell was
entitled to credit for a down payment of $23,026.29, and not entitled to the
additional $4,000 he claimed; neither Campbell nor McGehee was entitled to
credit for payments they made during the period when they jointly occupied the
home; Campbell was entitled to one half of the rents received by McGehee, less
$5,000; Campbell voluntarily left the home in August 2001; Campbell was
excluded from the home from October 2003 through trial (54 months), and was
entitled to one-half the amount of reasonable monthly rent ($3,000) for that
period, or $81,000; McGehee was entitled to credit for taxes, insurance and
mortgage paid by her after August 2001; McGehee was not entitled to recover
late fees; McGehee was entitled to credit for one half of the improvements made
by her after August 2001, or $29,391.62; and that McGehee was entitled to
credit for one half of the repairs, maintenance and upkeep made by her after
August 2001, or $55,450.19.  The trial
court also ruled that Campbell was entitled to either $62,096.49 (based upon
$188,000 in equity) or 33% of the proceeds from a sale of the home.  Attached to the rulings was a spreadsheet that
the court indicated were its supporting calculations.

On June 13, 2008, Campbell filed a
motion to clarify the ruling, arguing that the court’s ruling was inconsistent
because it conflicted with points in the spreadsheet.  Campbell argued that, because the court ruled
that he was entitled to half of the rents received by McGehee ($36,000), less
$5,000, he should have been awarded $13,000 rather than the $6,500 in the
ruling.  Further, Campbell argued that
the trial court ruled that he was entitled to receive half of the reasonable
rent of the home for the period during which he was excluded from the home and
that this amount was $81,000, not the $40,500 the trial court actually awarded
him.  Accordingly, Campbell asked that
the trial court adjust the total amount of damages he was awarded and the
corresponding percentage of equity stated in the judgment.

The trial court later entered its
judgment, which included its earlier rulings as well as a finding that McGehee
and Campbell were each 50% owners of the property and that the real property
was not subject to partition.  In
addition, the judgment included the following table awarding Campbell more than
it had previously indicated:

 


 
 
 Stipulated Appraised Value:
 Outstanding Mortgage:
 Equity to be Divided:
 
 
 225,000.00
  -37,000.00
 188,000.00
 
 
  
 
 
 
 
  
 
 
 Campbell
 
 
 McGehee
 
 
 
 
 50% of Equity
 
 
 94,000.00
 
 
  94,000.00
 
 
 
 
 Downpayment credit
 
 
 23,026.23
 
 
 -23,026.23
 
 
 
 
 Credit
 for rents received, less 5,000
 
 
 13,000.00
 
 
 -13,000.00
 
 
 
 
 Credit
 for loss of use for 54 months
 
 
 81,000.00
 
 
 -81,000.00
 
 
 
 
 Tax
 credit after 2001
 
 
 -9,030.40
 
 
 9,030.40
 
 
 
 
 Insurance
 credit post 2001
 
 
 -6,790.42
 
 
 6,790.42
 
 
 
 
 Mortgage
 post 2001
 
 
 -31,817.46
 
 
 31,817.46
 
 
 
 
 Imp./Repairs/Maint.
 Post 2001
 
 
 -79,719.96
 
 
 79,719.96
 
 
 
 
  
 
 
  
 
 
  
 
 
 
 
 Totals:
 
 
  83,668.05
 
 
 104,331.95
 
 


The judgment awarded Campbell
$83,668.05, or approximately 44.5% of the equity in the home, and ordered McGehee
to refinance the property in her own name. 
Both parties appealed from the trial court’s judgment.  

ANALYSIS

A.  
Suits for Partition

A joint owner or claimant of real
property or an interest in real property “may compel a partition of the
interest or the property among the joint owners or claimants.”  Tex.
Prop. Code. Ann. § 23.001 (Vernon 2000).  When a party seeks partition, the trial court
“shall determine the share or interest of each of the joint owners or claimants
in the real estate sought to be divided, and all questions of law or equity
affecting the title to such land which may arise.”  Tex. R.
Civ. P. 760.  The trial court
shall order partition if it “determines that the whole, or any part of such
property is susceptible of partition.”  Tex. R. Civ. P. 761.  “Should the court be of the opinion that a
fair and equitable division of the real estate, or any part thereof, cannot be
made, it shall order a sale of so much as is incapable of partition.”  Tex. R.
Civ. P. 770.  Neither McGehee nor
Campbell complains of the trial court’s finding that the real property was not
subject to partition.  Instead, they
complain of the trial court’s determination of their respective shares of ownership
of the property.  

The trial court applies the rules of
equity in determining the broad question of how property is to be partitioned.  See Thomas v. Sw. Settlement & Dev. Co.,
123 S.W.2d 290, 296 (Tex. 1939) (“In this state partition by suit, whether
brought under the statute or without the aid of the statute, does not proceed
independently of the rules of equity.”); Yturria
v. Kimbro, 921 S.W.2d 338, 342 (Tex. App.—Corpus Christi 1996, no writ).  On partition, a cotenant who expends funds
necessary to protect or preserve the common property is entitled to have those
expenditures charged to the tenants in common according to their pro rata
ownership.  Gonzalez v. Gonzalez, 552 S.W.2d 175, 181 (Tex. Civ. App.—Corpus
Christi 1977, writ ref’d n.r.e.); Wooley
v. West, 391 S.W.2d 157, 160 (Tex. Civ. App.—Tyler 1965, writ ref’d n.r.e.).
 Expenditures necessary to preserve the
common property include those for taxes, insurance, and repairs.  See Duke
v. Squibb, 392 S.W.2d 885, 888 (Tex. Civ. App.—Texarkana 1965, no writ).  Based on these principles, the trial court
debited or credited Campbell and McGehee and determined their respective shares
of ownership of the home.

B.  
Did the trial
court err by crediting Campbell with $81,000 for his loss of use of the
property?

 

On appeal, McGehee contends that the
trial court’s judgment improperly includes a credit of $ 81,000 to Campbell for
the 54-month period in which he lost use of the home.  According to McGehee, Campbell’s discovery
responses neither identified this loss as an element of his damages, nor provided
a calculation for any damages for loss of use. 
McGehee contends that she properly objected to evidence regarding these
damages at trial, Campbell did not show a lack of unfair surprise or prejudice
justifying the admission of such evidence, and that the trial court should have
excluded any evidence regarding Campbell’s claimed damages for loss of use of
the home.  The trial court credited
Campbell for lost use based upon its findings that $3,000 was a reasonable
monthly rent for the home and that Campbell was excluded from using the home
for 54 months.  McGehee does not
challenge the sufficiency of the evidence supporting these findings, contending
instead that Campbell is not entitled to recover for loss of use because he did
not include loss of use as a category of damages sought in his discovery
responses, nor did he indicate that he believed he was entitled to $81,000 for
that loss of use, and the trial court should therefore have excluded his
testimony supporting those claims.  

We review a trial court’s evidentiary
rulings for an abuse of discretion.  Horizon/CMS Healthcare Corp. v. Auld, 34
S.W.3d 887, 906 (Tex. 2000).  To
determine whether a trial court abused its discretion, we must decide whether
the trial court acted without reference to any guiding rules or principles; in
other words, we must decide whether the act was arbitrary or unreasonable.  Cire v.
Cummings, 134 S.W.3d 835, 838–39 (Tex. 2004).  We must uphold the trial court’s evidentiary
ruling if there is any legitimate basis in the record for the ruling. Owens-Corning Fiberglas Corp. v. Malone,
972 S.W.2d 35, 43 (Tex. 1998).

Campbell’s petition alleged a cause
of action for conversion based upon McGehee’s refusal to allow him access to
the home beginning in August 2001, and sought damages for the loss of the use
of the home.  His First Amended Responses
to Requests for Disclosure, dated approximately six weeks before trial, also
reflect his intention to seek damages as a result of his exclusion from the
home.  Specifically, his response stated,
“Defendant has unlawfully and without authority assumed dominion and control
over Plaintiff’s property, i.e. Campbell’s
ownership rights and interest in the Property. 
Campbell is entitled to an award of damages reflecting this conversion.”
 The response also informed McGehee of
Campbell’s intention to seek “damages associated with Defendant’s use and
occupation of the Property” and alleged that the rental value of the property was
$3,000 per month.  Similarly, the
pretrial briefing Campbell filed shortly before trial referred to his right, as
a co-tenant, to receive damages in the form of one half of reasonable rent for
wrongful exclusion from the property.

A cotenant in possession who excludes
another cotenant is liable to the excluded cotenant for the rental value of his
or her possession.  Burns v. Wood, 427 S.W.2d 353 (Tex. Civ. App.—Tyler 1968, writ ref’d
n.r.e.).  McGehee does not take issue
with this general proposition, but instead complains that Campbell’s discovery
responses were not sufficient to give notice of his claimed damages for
exclusion from the property and that the trial court erred by awarding Campbell
one half of the reasonable monthly rental value of the home for each of the
months he was excluded by McGehee. 
McGehee relies on Texas Rule of Civil Procedure 193.6(a), which excludes
evidence that the offering party has failed to provide in response to requested
discovery, “unless the court finds that: (1) there was good cause for the
failure . . . ; or (2) the failure . . . will not unfairly surprise or unfairly
prejudice the other parties.”  Tex. R. Civ. P. 193.6(a).  The purpose behind this rule is to prevent
trial by ambush.  Harris County v. Inter Nos, Ltd., 199 S.W.3d 363, 367 (Tex. App.—Houston
[1st Dist.] 2006, no pet.) (citing Aetna
Cas. & Sur. Co. v. Specia, 849 S.W.2d 805, 807 (Tex. 1993)). 

The record on appeal reveals that
McGehee sent Campbell a request for disclosures, including a calculation of
damages.  Campbell appropriately responded
to McGehee’s discovery requests regarding his damages, providing notice in his
response six weeks before trial that he specifically sought damages for his
wrongful exclusion from the property, beginning in August 2001, and that he
alleged the reasonable rental value of the property was $3,000.00 per moth.  These statements were sufficient to provide
notice to McGehee that Campbell would seek $1,500 per month for the period of
time during which he alleged that he was wrongfully excluded from the home,
beginning in August 2001, and to support the trial court’s admission of the
evidence upon which it based its award to Campbell.  We overrule McGehee’s sole issue on appeal.

C.  
Did the trial court err in awarding $83,668.05 to Campbell?

On appeal, Campbell argues the
evidence is insufficient to support the trial court’s judgment because the
trial court improperly credited McGehee for improvements she made without
Campbell’s consent, and because it did not properly credit him with half of the
payments he made for the taxes, mortgage and insurance on the property from
August 2001 through October 2003.

The test for legal sufficiency is
“whether the evidence at trial would enable reasonable and fair-minded people
to reach the verdict under review.”  City of Keller v. Wilson, 168 S.W.3d
802, 827 (Tex. 2005).  In making this
determination, we credit favorable evidence if a reasonable fact-finder could,
and disregard contrary evidence unless a reasonable fact-finder could not.  Id.  If the evidence falls within the zone of
reasonable disagreement, then we may not substitute our judgment for that of
the fact-finder.  Id. at 822.  The fact-finder
is the sole judge of the credibility of the witnesses and the weight to give
their testimony.  Id. at 819.  In reviewing a
factual sufficiency challenge, we consider and weigh all of the evidence
supporting and contradicting the challenged finding and set aside the finding
only if the evidence is so weak as to make the finding clearly wrong and
manifestly unjust.  Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); see Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989).

1.    
Did the evidence support the trial court’s credit to
McGehee for improvements she made without Campbell’s consent?

 

The trial court’s judgment credited
McGehee $79,719.96 for improvements, repairs and
maintenance she made to the home after 2001, and this amount included credit
for $29,391.62 for her share of the improvements she made to the home after
August 2001.  On appeal, Campbell
contends the trial court improperly credited that $29,391.62 for “improvements”
because he argues these “improvements” were not shown to increase the home’s
value.  

In a tenancy in common, the co-owners
are required to share the income generated from the property and must share the
reasonable and necessary expenditures for preservation of the property.  Williams
v. Shamburger, 638 S.W.2d 639, 640 (Tex. App.—Waco 1982, writ ref’d n.r.e.).  However, “a cotenant who improves property
without the consent of his cotenant cannot recover the actual amounts expended.”  Id.
at 640–41.  Instead, “[i]t is well
settled that the amount of the recovery for such improvements is limited to the
value of the enhancement of the property at the time of the partition.”  Id.
(citing Burton v. Williams, 195
S.W.2d 245, 247 (Tex. Civ. App.—Waco 1946, writ ref’d n.r.e.)).   

There was ample evidence to support
the trial court’s credit of $29,391.62 for McGehee’s share of “improvements”
after Campbell left the home in August 2001. 
The parties stipulated that the value of the home was $225,000, based
upon an April 2007 appraisal—an increase of $95,000 over the home’s 2003
purchase price of $130,000.  At trial, McGehee
testified regarding the various improvements she made after Campbell left the
home in August 2001, and she admitted numerous exhibits substantiating her
testimony.  Among the items she described
as improvements for which she paid were lighting fixtures installed in the
home, upgraded landscaping, remodeling, painting the garage apartment, installing
a tile floor in several areas, upgrading the home’s HVAC system, upgrading
doors, renovating the kitchen, improvements to the pool, painting the exterior
of the house in 2005, upgrading a hot water heater, and resolving drainage
problems in the yard.  McGehee testified
that she believed these items were improvements, rather than maintenance or
repairs to the home, because they enhanced or upgraded the home and increased
its value.  In addition, she testified
that Campbell agreed to some of these improvements even though he was not
living in the home at the time, and Campbell admitted that he consented to some
of the improvements. 

Campbell did not object to McGehee’s
opinion that these improvements increased the value of the home, nor did he
provide rebuttal testimony to refute that these items increased the home’s
value.  Further, some of these items were
listed as “improvements” on the April 2007 appraisal providing the home’s
stipulated value of $225,000, and corresponding estimates of their approximate
impact upon the value of the home in comparison to others were listed.  This appraisal was a document introduced into
evidence by Campbell himself.  Based upon
this evidence, crediting favorable evidence if a reasonable fact-finder could
and disregarding contrary evidence unless a reasonable fact-finder could not,
we hold a reasonable and fair-minded fact-finder could have found that the
improvements McGehee made to the home after August increased the value of the
home; thus, the trial court properly credited McGehee $29,391.62 as her
equitable share of those improvements.  Similarly,
considering and weighing all of the evidence supporting and contradicting the
challenged finding, we do not find the evidence supporting the trial court’s
credit of $29,391.62 to McGehee to be so weak as to make the finding clearly
wrong and manifestly unjust.  We overrule
Campbell’s challenge to the sufficiency of the evidence supporting the trial
court’s credit.  

2.    
Did the evidence support the trial court’s failure to
credit Campbell with half of the payments made for the taxes, mortgage and insurance
on the property from August 2001 through October 2003?

 

Campbell also contends the trial
court improperly failed to credit him for $9,899 in mortgage, tax and insurance
payments he made during the period of August 2001 through October 2003—the
period in which he was excluded from the home. 
At trial, Campbell admitted exhibits showing that he had written checks
for mortgage payments, insurance and taxes on the home after he left the home
in August 2001, totaling $19,801.93.  He
argues that the trial court’s failure to credit him with his equitable half of
these payments was in error.  We agree.

At trial, Campbell’s counsel
stipulated that McGehee was entitled to “some credit” for the mortgage, taxes
and insurance she had paid after August 2001, on the condition that Campbell
was similarly credited for amounts he had paid.  McGehee did not contest that Campbell had made
the payments he claimed after August 2001, nor did she offer any evidence to
rebut his claim.  Based upon this
evidence, crediting favorable evidence if a reasonable fact-finder could and
disregarding contrary evidence unless a reasonable fact-finder could not, we
hold a reasonable and fair-minded fact-finder could not have found that
Campbell was not entitled to a credit for one half of the taxes, mortgage and
insurance payments he made on the home after August 2001.  We sustain Campbell’s challenge to the
sufficiency of the evidence supporting the trial court’s failure to credit him
$9,899 for one half of the payments he made for the mortgage, tax and insurance
payments on the home after August 2001. 

CONCLUSION

We reform the trial court’s judgment
to award Campbell $93,567.05, or 49.76% of the equity in the home, and affirm
the trial court’s judgment as reformed.

 

 

 

George C. Hanks, Jr.

                                                          Justice

 

Panel consists of Justices Jennings, Hanks, and Bland.