MARSHALL MILLS ET AL. v. J. H. T. MILLS.

No. 3271.   Motion No. 5091.   Decided June 1, 1921.

(231 S. W., 697.)

Practice in Supreme Court.

   The Court of Civil Appeals having reversed, and rendered judgment for appellant, but without passing on certain errors assigned upon which its jurisdiction was final, the Supreme Court, on reversing such judgment. for error, will remand the case, not to the trial court, but to the Court of Civil Appeals, for its ruling on the assignments which it did not determine by its former judgment.   (Pp. 265, 266).

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Hill County.

J. H. T. Mills applied to the County Court of Hill County to have an instrument in writing admitted to probate as the will of Ella D. Mills.   This was contested by Marshall Mills and others, who denied its genuineness, and appealed to the District Court from a judgment admitting it to probate.   In the District Court the will so presented was rejected and probate thereof refused, on verdict of a jury, and J. H. T. Mills appealed to the Court of Civil Appeals.   There the judgment of the District Court was reversed and judgment rendered admitting the will to probate (206 S. W., 100).   Appellees, Marshall Mills and others, thereupon obtained writ of error from the Supreme Court.   The case was by that court referred to the Commission of Appeals, Section B., by whom an opinion was pronounced recommending reversing the judgment on the ground of error in rendering the judgment in favor of appellant, instead of remanding the case, and this was at first made the judgment of the Supreme Court (228 S. W., 919).   On motion for rehearing this order was so modified as to remand the case to the Court of Civil Appeals for further consideration, that opinion only being here published.

*Shurtluff & Cummings*, and *Chas. L. Black*, for plaintiffs in error.

*Wear & Frasier*, and *J. E. Clarke*, for defendant in error.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

In approving the report of the Commission of Appeals in this case, and in accord with its recommendation, we originally reversed the judgment of the Court of Civil Appeals and remanded the case to the District Court for further trial.

It has come to our attention that the Court of Civil Appeals in its disposiiton of the case did not consider certain assignments of error presented by the appellant there relating to the admissibility of certain testimony, but reversed the judgment of the District Court upon another and independent ground.

The Supreme Court is without jurisdiction of the assignments of error relating to this testimony, and the Court of Civil Appeals should not be denied the opportunity of determining them.

Both motions for rehearing, filed respectively by the plaintiffs in error and the defendant in error, will be overruled. Our judgment reversing the judgment of the Court of Civil Appeals will stand, but instead of the cause being remanded to the District Court, as was done originally, it will be remanded to the Court of Civil Appeals for its consideration of the assignments of error on the testimony questions.

*Reversed and remanded to Court of Civil Appeals.*