### MILLS v. MILLS et al. (No. 7958.)

(Court of Civil Appeals of Texas. Dallas. April 7, 1923. Rehearing Denied June 23, 1923.)

1. **Evidence** ⬤⟳558(1)—**Wills** ⬤⟳384—**Question as to probability of one possessing admitted signature of testatrix in ten months' practice becoming expert in writing it held legitimate cross-examination and not harmful.**

Where a handwriting expert, offered by a proponent, testified that, after comparison of testatrix's signature with that of an admitted signature on a vendor's lien note, the signature to the will was genuine, and it was shown that the admitted signature was in proponent's possession after testatrix's death, cross-examination as to whether a person having possession of the admitted signature in the course of 10 months' practice writing testatrix's name could become so expert that it would resemble her signature as much as that on the note was legitimate and if improper it was not harmful to appellant.

2. **Appeal and error** ⬤⟳664(4)—**Statement of facts controls over bills of exception.**

In civil cases the statement of facts controls over bills of exception.

3. **Wills** ⬤⟳293(5)—**Question as to whether proponent capable of writing testatrix's signature on will held legitimate inquiry.**

In a will contest, where one of the contestants was testifying in her own behalf, a question with reference to the proponent's habits as to whether he was a man who had read and written a great deal was legitimate inquiry on the issue as to whether proponent was capable of writing testatrix's signature on the will, an act impliedly charged against him.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

In the matter of the estate of Ella D. Mills, deceased, on proceeding by J. H. T. Mills, proponent for probate of will. A judgment admitting will to probate was reversed on appeal of contestants Marshall Mills and others to the district court, which judgment was in turn reversed by the Court of Civil Appeals on proponent's appeal, and, on error proceeding in the Supreme Court by contestants, the cause was referred to the Commission of Appeals, which reversed and remanded it to the trial court (228 S. W. 919). Afterwards the Supreme Court on its own motion reformed the judgment of the Commission of Appeals (111 Tex. 265, 231 S. W.

697), and directed that the cause be remanded to the Court of Civil Appeals, in order that certain assignments of error might be passed upon.

J. E. Clarke, Wear, Wood & Wear, and Frazier & Averitte, all of Hillsboro, for appellant.

Chas. L. Black, of Austin, V. L. Shurtleff, of Breckenridge, and H. C. Bishop, of Hubbard, for appellees.

JONES, C. J. Appellant, J. H. T. Mills, commenced this proceeding in the county court of Hill county, Tex., for the purpose of probating the last will and testament of Ella D. Mills, deceased. By the will all of the deceased's property was given to appellant, except $10 was given to each of her three brothers, W. L. Mills, Marshall Mills, B. H. Mills, and to her sister, Mrs. R. W. Frame. The appellees Marshall M. Mills and Mrs. R. W. Frame, joined by her husband, R. W. Frame, brother and sister of the deceased, by written pleadings contested the probating of the will on the grounds (1) that the said Ella D. Mills did not execute the will; (2) that, if she did execute it, she had not at the time of its execution sufficient mental capacity to make a will; (3) that if the deceased executed said will, its execution was the result of improper and undue influence exercised over her by the appellant and his brother B. H. Mills.

On a trial in the probate court of Hill county, judgment was entered in favor of proponent, and the will was ordered to be probated. From this judgment the contestants, appellees here, appealed to the district court, where judgment upon a special verdict of the jury was rendered in favor of contestants, denying probate of the will, and proponent appealed to this court. The case was tried before a jury and was submitted on special issues. The only question submitted to the jury upon the trial was, "Did Ella D. Mills execute the instrument offered for probate?" This question the jury answered in the negative, and the judgment was entered accordingly.

In an opinion delivered on June 8, 1918, this court sustained the contention of appellant that there was no evidence to support the finding of the jury upon which the adverse judgment was based, and reversed and rendered judgment in favor of appellant. Appellant also duly assigned error on the admission of certain evidence, which assignment it was not necessary to consider, in the view this court had of the case, and these assignments were not considered or passed upon by this court in the opinion.

A writ of error was granted by the Supreme Court, and the case was referred to the Commission of Appeals, which held that this court was in error in its holding that there was no evidence in support of the finding of the jury, and reversed and remanded the case to the trial court. The opinion of the Commission of Appeals is reported in 228 S. W. 919. Afterwards, the Supreme Court, by its own motion, reformed this judgment of the Commission of Appeals and directed that this case be remanded to this court, in order that the said assignments of error might be passed upon. Mills v. Mills, 111 Tex. 265, 231 S. W. 697.

The case is therefore before us now solely on the question as to whether these assignments of error present grounds for reversal of the case. If they do not, then the case must be affirmed.

[1] The first of these assignments of error has its basis in the following: Appellant had offered in his behalf the witness Jim Scott, and had qualified him as an expert on handwriting, and the witness had been given a vendor's lien note containing the admitted signature of the testatrix, Ella D. Mills, and had testified, after comparison of the signature to the will and the signature to the vendor's lien note, that the signature to the will was the genuine signature of Ella D. Mills. It was also shown that these vendor's lien notes, bearing the signature of Ella D. Mills, had been in possession of appellant after the death of testatrix. On cross-examination this witness was asked the following question by attorneys for appellees:

"Is it not a fact that a person having possession of these notes with 'Ella D. Mills' written on them in the course of ten months' practice writing 'Ella D. Mills' could become so expert in writing said signature as that it would resemble her signature as much as that on the note?"

As shown by the statement of facts, the witness in answer to this question said:

"In my opinion, it might possibly be done, but a man would have to be an expert to do it so as not to be detected. Yes; I mean a person would have to be an expert in order for it to get by me without my detecting it."

[2] There is a slight variation in the answer of the witness as detailed in the bill of exception, but in civil cases the statement of facts control over bills of exception. Ramsey v. Hurley, 72 Tex. 194, 12 S. W. 56; Railway Co. v. Washburn (Tex. Civ. App.) 184 S. W. 580.

We are of the opinion that this question was a legitimate cross-examination of the witness. Page v. Homans, 14 Me. 480. But, if this should not be true, the answer of the witness in no way harmed appellant; in fact, was more favorable to appellant than it was to appellees, for the reason that the record clearly discloses that appellant was not an expert in handwriting. This assignment is overruled.

[3] The other assignment of error is in reference to a question asked appellee, Mrs.

Frame, when she was testifying in her own behalf. The question was, "What is the fact with reference to Tom Mills' (the proponent) habits with reference to whether he is a man who during his lifetime has read and written a great deal?" To this question, as shown by the bill of exception, the witness answered, "He has written a great deal and has been writing all of his life." This question was not subject to any objection; it being a legitimate inquiry upon the issue as to whether appellant was capable of doing the act impliedly charged against him. This assignment is overruled.

Finding no reversible error in either of the assignments, the case is affirmed.

Affirmed.

### On Motion for Rehearing.

In disposing of this case on the two assignments of error that had not been passed upon by this court when the case was originally before it, our attention was not called to this clause in the opinion of the Commission of Appeals:

"The statement of facts is obviously incomplete, and does not contain all the evidence offered; most important parts being omitted, and under such circumstances a remand of the case for another trial is justified, if not demanded. * * *"

This will not permit the judgment affirming this case to stand, but requires its reversal and remanding.

Reversed and remanded.