## PARSELL v. CANADIAN STATE BANK.
### (No. 2857.)

Court of Civil Appeals of Texas. Amarillo. Sept. 14, 1927.

Rehearing Denied Oct. 26, 1927.

1. **Bills and notes** ⨂⇒371—**Accommodation party is liable, though receiving no consideration, if party taking note is holder for value (Negotiable Instruments Act [Vernon's Ann. Civ. St. 1925, art. 5933, subd. 29]).**

Under Negotiable Instruments Act (Vernon's Ann. Civ. St. 1925, art. 5933, subd. 29), an accommodation party can be held liable on note, though signing solely to accommodate another and receiving no consideration, if party taking note is holder of same for value.

2. **Bills and notes** ⨂⇒518(1), 525—**Evidence held to show that plaintiff suing maker was holder for value and that maker received consideration for notes.**

In action against maker on note, evidence held to establish consideration, coming from plaintiff, that plaintiff was holder for value and that defendant received consideration for note.

Appeal from District Court, Hemphill County; W. R. Ewing, Judge.

Action by the Canadian State Bank against Mrs. J. H. Parsell. Judgment for plaintiff, and defendant appeals. Affirmed.

H. E. Hoover, of Canadian, for appellant. E. J. Pickens, of Canadian, for appellee.

RANDOLPH, J. Appellee filed this suit in the district court of Hemphill county, against appellant, to recover judgment on a promissory note, and also to foreclose a lien on certain certificates of stock in a mercantile company.

The defendant filed her answer, consisting of a general exception and general denial, and further specially pleading that the note sued on was wholly without consideration, and was delivered to the plaintiff at its special instance and request, for its accommodation, and under the express condition and agreement that it was without consideration, and that defendant would never be called upon to pay it, whereby she was induced to sign it.

The case was submitted to the court upon the evidence, without the intervention of a jury, and, having heard the pleadings and the evidence, the trial court rendered judgment for the plaintiff for the amount claimed

by it, but denied the foreclosure of the lien on the certificates of stock; the plaintiff having waived its right to such foreclosure. Appeal was thereupon taken to this court by defendant.

The appellant presents two propositions for our consideration:

(1) That the note in controversy and the original note, of which it was a renewal, were given without any consideration received by the defendant.

(2) That the note which was paid to the plaintiff by the substitution of defendant's note to it was never surrendered to the defendant, and that defendant knew nothing of the transfer of the stock certificates attached to said note to her; that the plaintiff promised the defendant that she would not be called upon to pay the note so executed by her, and but for which promise she would not have executed the note to the plaintiff.

[1] Subdivision 29 of article 5933, Negotiable Instruments Act (Vernon's Annotated Texas Statutes), provides, as follows:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or endorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

From the language of this statute, it will be seen that there need be no consideration paid to or received by the accommodation party, who signs a note, and that, even though the party signing such note is doing so solely to accommodate another party and has himself received no benefit or consideration, such accommodation party can be held liable on the note if the party taking the note is the holder of same for value.

[2] In the case at bar, it appears from the evidence that one Nippold owed a note to the plaintiff bank, payment of which was secured by certificates of stock in "Everybody's Dry Goods & Clothing Company." This note was made payable to the Canadian Hardware & Furniture Company and was transferred by said company to the plaintiff. It also appears that the plaintiff regarded this note as an indebtedness of the furniture company, and, as the indebtedness of that company was in a greater amount than the plaintiff desired to carry, the note of defendant was taken in lieu thereof and the certificates of stock securing the payment of the Nippold note were reissued in the name of the defendant, and attached to her note given to the plaintiff in lieu of the Nippold note.

In this transaction, as above explained, one Geo. Gerlach appears to have acted as defendant's agent, and as intermediary between the plaintiff and defendant. In fact, the record discloses that the plaintiff and defendant had no communication, one with the other, except by and through Gerlach.

The defendant is a daughter of Gerlach, and she testified that her father acted as her agent in all matters with the Canadian State Bank; that she relied on him, had confidence in him, and trusted him; and that his dealings were satisfactory to her.

The record fails to disclose the relation of Gerlach with either one of the parties to this transaction by which he was constrained to take up the Nippold note by giving in lieu thereof the note of the defendant. What his interest in the transaction was does not appear. The bare facts of his securing Mrs. Parsell's note and having the certificates transferred to her and turned over to the plaintiff are, however, sufficiently established. This being true, the verdict and judgment of the trial court are abundantly sustained by the evidence, and we have no authority to set them aside. Not only does the evidence establish the consideration coming from the plaintiff and that plaintiff is a holder for value, but it also appears that defendant did receive a consideration for her note in the certificates of stock issued to her. It is true that the defendant says she knew nothing of this stock being transferred to her and did not own any stock, but her agent did know about it and did act in the matter for her, and defendant nowhere in her pleadings or evidence tenders to the plaintiff, or any other person, the title and ownership of said certificates.

The judgment of the trial court is accordingly in all things affirmed.