**Lawrence BLACK, Appellant,**

**v.**

**FRANK PAXTON LUMBER COMPANY, Appellee.**

**No. 16733.**

Court of Civil Appeals of Texas.

Dallas.

May 27, 1966.

On Motions for Rehearing June 24, 1966.

Rehearing Denied July 22, 1966.

Lee Arnett, San Angelo, for appellant.

Ungerman, Hill, Ungerman & Angrist and A. L. Vickers, Dallas, for appellee.

DIXON, Chief Justice.

Appellant Lawrence Black has appealed from a summary judgment against him in a suit on a promissory note.

On August 24, 1964 appellant signed a note for $12,124.92 payable to appellee Frank Paxton Lumber Company, a corpora-tion, in monthly installments of $2,000 each. The note expressly provides for accelerated maturity upon failure to pay any installment when due, for reasonable attorney's fee and for waiver of demand and presentment. It also provides that partial payments made before or after maturity shall be without prejudice to the holder.

Appellee alleges that appellant defaulted in the payment due on October 5, 1964 whereupon appellee declared the entire balance due in the sum of $10,000 plus interest; and that $3,000 is a reasonable attorney's fee.

In his answer appellant alleges under oath that there was not a consideration for the note; that at the time of the execution of the instrument Lawrence Black Rentals, Inc., was indebted to appellee in the princi-pal amount named in the note; that he executed the note for the purpose of obtain-ing more liberal terms of payment for the benefit of the corporation; that he received no consideration or benefit himself as a re-sult of his execution of the note; that it was the agreement and understanding of the parties that appellant was signing in his capacity as President of Lawrence Black Rentals, Inc. and not in his individ-ual capacity; and that the corporation was to be solely liable on the note. Appellant denied that $3,000 was a reasonable attor-ney's fee.

Summary judgment was rendered in favor of appellee for $12,138.33, which in-cludes interest and an attorney's fee of $1,500.

The note is regular on its face. Lawrence Black Rentals, Inc. is nowhere mentioned in the note. It was signed by Lawrence Black alone.

Attached to appellee's motion for sum-mary judgment are two affidavits executed in the form prescribed by Rule 166–A, Texas Rules of Civil Procedure. One is by E. L. Medford, appellee's credit manager. He swore that the amount due was $10,000

and the note was currently held and owned by appellee.

The other affidavit was by Jay S. Fichtner, a practicing attorney in Dallas, Texas, who swore that it was his opinion, based on information furnished him by appellee's attorney as to the work done, that $3,000 was a reasonable attorney's fee.

Appellant did not file any controverting affidavits.

■ In his first and second points appellant asserts that want of consideration is a fact question in this case, as is his liability in his individual capacity. We do not agree. Art. 5933, Sec. 25, Vernon's Ann.Civ.St., provides that value is a consideration and a pre-existing debt is value. Section 29 provides that an accommodation party is one who signs a negotiable instrument for the purpose of lending his name to some other person; and such a person is liable on the instrument to a holder for value notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party. In this case it is judicially admitted in appellant's pleadings that the corporation was indebted to appellee in the sum of $12,124.92, and that appellant signed the note in order to obtain more liberal terms of payment for the corporation, thereby lending his name to the corporation. See Reed v. Buck, 370 S.W.2d 867 (S.Ct.); Camp v. Dallas Nat'l Bank, 36 S.W.2d 994 (Comm.App.); Parsell v. Canadian State Bank, 298 S.W. 664 (Tex.Civ.App., writ ref.).

■ Appellant claims that his answers to appellee's interrogatories under Rule 168, Texas Rules of Civil Procedure constitute evidence in support of his contentions as asserted in his first two points. His self-serving answers are not binding on appellee. Answers elicited under Rule 168 may be used only *against* the party answering the interrogatories. The rule itself so provides. See also Halbert v. Sylestine, 292 S.W.2d 135 (Tex.Civ.App., no writ hist.). Appellant's first two points are overruled.

In his third point on appeal appellant says there is a fact issue on the reasonable amount of attorney's fees. This point is well taken.

Mr. Jay S. Fichtner is a reputable attorney of more than ten years' practice. However, his opinion as to a reasonable attorney's fee is based on hearsay. We quote from his affidavit:

*"I have been advised by the attorney for the Plaintiff* that he has performed the following in connection with this lawsuit:

"1) Preliminary investigation prior to litigation.

"2) Preparing and filing of Original Petition and follow-up on service of citation.

"3) Preparation of Request for Admissions.

"4) Preparation and filing of Motion to Compel Defendant to answer Interrogatories.

"5) Preparation and filing of Motion for Summary Judgment and necessary affidavits.

"The principal amount sued for is $10,000.00.

" * * * it is my opinion that based upon all of the above information, a reasonable attorney's fee for the services rendered * * * would be the sum of *$3000.00/100."* (Emphasis ours.)

The trial court allowed a fee of $1,500.

■ It is obvious that Mr. Fichtner's affidavit is based solely on what he had been "advised by the attorney * * *." Nowhere in the record, for example, do we find any evidence as to the time, or the amount of work spent by the attorney in his preliminary investigation, or in accomplishing the others of the five named performances.

Appellee says that the affidavit is in due form and is entitled to be accepted, Himes v. American Home Fence Co., 379 S.W.2d 290 (S.Ct.); especially since appellant did not challenge the sufficiency of the affidavit in the trial court. Lobit v. Crouch, 293 S.W.2d 110 (Tex.Civ.App., ref. n. r. e.).

In the Himes case, a summary judgment case, our Supreme Court affirmed the judgment of the Court of Civil Appeals, which had reversed the trial court on the very issue of attorney's fee.

In the Lobit case we are not informed as to the nature of the alleged insufficiencies of the challenged affidavits. We suspect that they were irregularities as to form, not of substance.

█ █ In any event, we hold that the burden is on the moving party in summary judgment proceedings to show that there is no material issue of fact before the court. If he fails to do so he is not entitled to summary judgment. Gardner v. Martin, et al., 162 Tex. 156, 345 S.W.2d 274. What is a reasonable attorney's fee is ordinarily a question of fact. The issue cannot be resolved by resorting to hearsay evidence. The general rule is that hearsay evidence is no evidence at all. See 24 Tex.Jur.2d 51 and cases there cited. The defect in the affidavit is therefore one of substance, not merely of form. Appellant's third point is sustained.

█ In his fourth and fifth points appellant contends that there is a fact issue as to the date of maturity of the note, and as a result the court awarded compound interest. There is no merit in these points. The note expressly provides for waiver of demand and presentment. See Art. 5937, Sec. 82, Subsection 3, V.A.C.S. And appellee's acceptance of a payment after it had declared the whole balance due did not waive the acceleration of maturity. Fisher v. Wood, Tex.Civ.App., 119 S.W.2d 114 (writ dism.); Motor Finance Co. v. Wolff, 387 S.W.2d 129, 131 (Tex.Civ.App., no writ hist.). The fourth and fifth points are overruled.

Because the record discloses a material fact issue as to the amount of attorney's fee, the judgment will be reversed and the cause remanded for another trial.

Reversed and remanded.

### On Motions for Rehearing.

Both appellant and appellee have filed motions for rehearing. Both motions are overruled, except as hereinafter indicated.

Subject to our ruling on its motion for rehearing appellee has filed a voluntary remittitur of $1,500, the amount of the attorney's fee allowed in the judgment, has waived the allowance of any attorney's fee, and asks that the judgment be reformed by removal of the said $1,500 as a portion of the amount for which appellee recovered judgment in the trial court; and that as so reformed the judgment be affirmed.

█ In our original opinion we overruled all of appellant's points on appeal except Point No. 3. The latter related only to the allowance of the attorney's fee of $1,500, which we found to be reversible error. The remittitur has removed the error. Appellee is entitled to have the judgment reformed and affirmed. Owen Development Co. v. Calvert, 157 Tex. 212, 302 S.W.2d 640; Hill v. Texas, New Mexico & Oklahoma Coaches, Inc., 153 Tex. 581, 272 S.W.2d 91; Rule 439, Vernon's Texas R.C.P.

Our judgment reversing the judgment of the trial court and remanding this cause for another trial is set aside. The judgment is hereby reformed so as to allow appellee recovery for the amount of its debt in the sum of $10,638.33 with interest thereon at the rate of six per cent from November 1, 1965. Costs will be divided equally between appellant and appellee.

The judgment as reformed is affirmed.

Affirmed.