**James E. CHILCOAT d/b/a Texas Real Estate Company, Appellant,**

v.

**FIRST VICTORIA NATIONAL BANK, Appellee.**

**No. 337.**

Court of Civil Appeals of Texas.

Corpus Christi.

Oct. 26, 1967.

Rehearing Denied Nov. 21, 1967.

OPINION

GREEN, Chief Justice.

Appellant James E. Chilcoat d/b/a Texas Real Estate Company, defendant below, appeals from a summary judgment rendered by the trial court in favor of plaintiff First Victoria National Bank. The bank by this suit sought recovery as a third party beneficiary on six letter agreements signed by defendant, all identical except as to job number and location and amount, a typical one reading as follows:

W. Jack Salyer, of Harris, Salyer & Huebner, Bay City, for appellant.

Marion M. Lewis, of Guittard, Henderson, Jones & Lewis, Victoria, for appellee.

---

## "CLIMATROL CO.

AIR CONDITIONING     SALES    &    SERVICE
P. O. BOX 2464
Victoria, Texas 77903

April 28, 1965

"Texas Real Estate Co.
2020 Houston Highway
Victoria, Texas

Attn: Mr. James E. Chilcoat

Gentlemen:

Our contract with you in the amount of $1,007.00 on Job #P–112 in Port Lavaca has been pledged to the First Victoria National Bank, Victoria, Texas. We ask that you verify the amount due and unpaid on the contract to them and make all checks in payment thereof payable jointly to them and us.

Very truly yours,

CLIMATROL CO.

By   /s/ A. J. Elder

"We verify the unpaid amount of this contract to be $1,007.00 and that we will make checks in payment thereof jointly to the First Victoria National Bank, Victoria, Texas, and to Climatrol Co.

/s/ James E. Chilcoat

cc: First Victoria National Bank
Victoria, Texas"

---

As stated by appellee in its brief:

"It was the position of the Appellee before the Trial Court that the six letters referred to above, admitted to be genuine and signed by the Appellant, were third party beneficiary contracts,

with the Appellee being the beneficiary thereof; that the Appellant breached said contracts by failing and refusing to pay the amounts due thereunder jointly to Climatrol Company and Appellee, which failure and refusal Appellant has admitted; thereby the Appellee has suffered damages in the amount that it would have received if Appellant had complied with his promise, to-wit, the sum of $5,745.00; that there is no genuine issue as to any material fact necessary to the determination of this case, and that Appellee is entitled to judgment as a matter of law. The Trial Court granted Appellee's motion."

It was shown that Elder, d/b/a Climatrol Co., had separate contracts with defendant to install airconditioning units and ducts and do other construction work on six houses being built by defendant, and these were the contracts mentioned in such letter agreements. Elder was indebted to plaintiff bank, and delivered these signed agreements to bank, which, relying on same according to the petition and the affidavit of its appropriate official, extended certain obligations of Elder and advanced him some funds the amount or purpose of which is not shown in the record. Defendant did not at any time execute any checks payable jointly to plaintiff and Elder, and did not pay to plaintiff any sums which may have been called for by said instruments. Elder went into bankruptcy and did not pay his debt to bank, which debt amounted to more than the total of the sums represented by the six letter agreements and the bank, alleging its loss by reason of defendant's failure to perform, brought this suit against defendant James E. Chilcoat d/b/a Texas Real Estate Co., alleging its rights as a third party beneficiary under the agreements between defendant and Elder, to recover the amounts set forth in such agreements. The allegations were fully supported by the accompanying affidavit of plaintiff's vice president who handled this matter for the bank, and by certain admissions made by defendant in answer to written requests of plaintiff.

However, defendant by sworn pleadings and affidavit definitely denied under oath that the facts surrounding his execution of the instruments sued on constituted or was intended to constitute plaintiff a third party beneficiary as to such agreements.

The evidence before the trial court, being the pleadings, admissions, sworn answers and affidavits of defendant and the bank official handling the matter for plaintiff, when considered most favorable to defendant according to summary judgment procedure, shows that on April 25, 1965, when these six instruments plead by plaintiff were executed, Elder had not completed performance of his contracts with defendant, and in fact had not even started work on some of them. He was unable to proceed with the work required until he secured financial aid. According to defendant's evidence, which in this summary judgment matter we must accept as true, these six written agreements were signed, with plaintiff's knowledge, in order to enable Elder to get funds with which to perform his contracts with defendant, and not for the purpose of benefitting plaintiff bank as to Elder's existing debts. Defendant denied that Elder secured any money from plaintiff to proceed to perform these contracts, and stated that when he, defendant, contacted plaintiff because the work Elder had contracted to do remained undone after the executed instruments had been left with the bank, he was told that the bank would not advance any money to Elder to work on those jobs. Defendant denied under oath that he had paid Elder any money under the contracts, and stated that "in order to finish said houses, Defendant was forced to pay sums direct to freight people, materialmen and laborers, no payments were made directly to A. J. Elder."

Appellant's sole point of error is that the trial court erred in granting the summary judgment because there was a material fact question as to whether appellee was a

third party beneficiary. Appellee's reply point is that the court correctly granted such judgment because appellee was the third party beneficiary of the contracts sued on as a matter of law.

The rule of law applicable is stated thusly in 13 Tex.Jur.2d 628, Contracts § 352:

"A third party cannot recover under a contract unless he shows that it is made for his benefit and that the contracting parties intended that he benefit by it. One claiming to be a third party beneficiary under a contract alleged to have been made for his benefit cannot recover thereon merely because he will be incidentally benefited by its performance; he must be a party to the consideration or the contract must have been entered into for his benefit, and he must accept it as it was made. * * *" citing many authorities.

The principle is stated as follows in Banker v. Breaux, Tex.Comm.App., 128 S.W.2d 23, opinion adopted by the Supreme Court:

"The law is well established that a third person may sue to enforce a contractual provision made for his benefit, but to entitle him to enforce such provision it must be shown that the contracting parties intended to make same for his benefit. The intention of the contracting parties in this respect is of controlling importance. 10 Tex.Jur. pp. 478 and 483. It becomes necessary, therefore, to examine the foregoing provision, in the light of the attending circumstances, to ascertain the intention of the parties to said deed in making said provision."

See also Citizens Nat. Bank in Abilene v. Texas & P. Ry. Co. et al., Tex.Sup., 150 S.W.2d 1003, 1006; Lone Star Steel Company v. Reeder, Tex.Civ.App., 407 S.W. 2d 28, wr.ref. n.r.e.; Price v. Lee, Tex. Civ.App., 119 S.W.2d 673, wr.dism.; Cooley v. Cash, Tex.Civ.App., 207 S.W.2d 436, n.w.h.; Casey v. Watts, Tex.Civ.App., 130 S.W.2d 396.

We do not pass upon the defense of lack of consideration discussed by appellant in his brief, since that defense was not specifically pleaded by defendant below, Rule 93(j) Texas Rules of Civil Procedure, and was not raised by point of error in this court.

In passing upon the merits of this appeal, we have been guided by the principles of law applicable to summary judgments as summarized in Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, Tex.Sup., 391 S.W. 2d 41, p. 47, as follows:

"Rule 166–A, Texas Rules of Civil Procedure, provides that summary judgment shall be rendered if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. Tigher v. First Nat'l Bank, 153 Tex. 69, 264 S.W. 2d 85 (1954); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). In other words, the evidence must be viewed in the light most favorable to the party opposing the motion. Valley Stockyards Co. v. Kinsel, 369 S.W.2d 19 (Tex.Sup. 1963); Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93 (1954). If the motion involves the credibility of affiants or deponents, or the weight of the showings or a mere ground of inference, the motion should not be granted. All conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. Cowden v. Bell, 157 Tex. 44, 300 S.W.2d 286 (1957); Smith v. Bolin, supra; Gulbenkian v. Penn, supra. Evidence which favors the movant's position is not considered unless it is uncontradicted. If such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and posi-

tive and there are no circumstances in evidence tending to discredit or impeach such testimony. Cochran v. Woolgrowers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904 (1943). This exception is especially true where the opposite party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so. Valley Stockyards Co. v. Kinsel, supra; James T. Taylor & Son, Inc. v. Arlington Ind. School Dist., 160 Tex. 617, 335 S.W.2d 371 (1960); Owen Dev. Co. v. Calvert, 157 Tex. 212, 302 S.W.2d 640 at 642 (1957); McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722 (1943); Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, [114 S.W.2d 226,] 136 S.W.2d 207 (1940). After all the evidence has been sifted in this manner, the Court must determine whether the movant is entitled to a judgment as a matter of law."

Applying the foregoing rules to the 'summary judgment evidence' we are of the opinion that the record does disclose the presence of a genuine issue as to a material fact as to whether appellee was a third party beneficiary, and appellant's point of error is sustained.

Reversed and remanded.