**GREENVILLE AVENUE STATE BANK,**
**Appellant,**

**v.**

**Harold E. LANG, Appellee.**

**No. 16983.**

Court of Civil Appeals of Texas.

Dallas.

Nov. 10, 1967.

Rehearing Denied Dec. 8, 1967.

Wm. F. Billings and Charlie R. Wise, of Billings, Pierce, Gilley & Stanton, Dallas, for appellant.

W. A. Pritchard, of Bradford & Pritchard, Dallas, for appellee.

BATEMAN, Justice.

The appellant Greenville Avenue State Bank appeals from a summary judgment rendered against it in favor of the appellee Harold E. Lang for the amount of a $3,000 check drawn by Lang on the Bank and paid by it on what Lang claims is a forged endorsement.

Appellee relies on the general rule that a bank may not charge against its depositor the payment of any check on the forged endorsement of the payee, 8 Tex. Jur.2d, Banks, § 268, p. 451, and that the bank is under a duty to ascertain the existence and identity of the payee, and must at its peril determine the genuineness of his endorsement before paying the check. Guaranty State Bank & Trust Co. v. Lively, 108 Tex. 393, 194 S.W. 937, L.R.A.1917E, 673 (1917); 10 Am.Jur.2d, Banks, § 623, p. 587. However, appellant denies that the endorsement was unauthorized, thus placing the burden on Lang, in these summary judgment proceedings, of showing, not only that the endorsement was actually unauthorized, but that there is no competent evidence to the contrary.

It appears from the undisputed facts that the check was given under the following circumstances: On January 16, 1965 Lang was introduced to one E. W. Chaffin by a Mr. Vaughn, whom Lang had known for several years. Purporting to act as president of Motel Systems, Inc., Chaffin entered into a written contract with Lang, which provided for the purchase by Lang of a 10 per cent "equity" in a proposed new motel

to be constructed in Pocatello, Idaho for a consideration of $30,000, of which $7,500 was payable on signing the contract and the balance in future installments. Vaughn had purchased a 10 per cent "equity" in a proposed new motel in another town, and at his suggestion Lang wrote two checks and handed them to Chaffin, one for $4,500 payable to Motel Systems, Inc., and the other, being the check in question, payable to the order of "Quality Courts Motel" in the sum of $3,000. The $3,000 check was endorsed "Quality Courts Motel by E. W. Chaffin" and deposited by Chaffin in the First National Bank of Arizona in an account he had opened entitled "Pocatello Quality Courts Motel." Both checks cleared in the usual way and were paid by appellant and charged to Lang's account.

Seven or eight months thereafter Lang wrote Chaffin that because of his wife's poor health he desired to rescind the contract, to which Chaffin agreed, promising to refund the money paid by Lang within sixty days. This was not done and Chaffin could not thereafter be located.

■ In determining whether Lang has carried the burden of showing that there was no genuine issue as to any material fact and that he was entitled to a judgment as a matter of law, we must view all of the evidence presented in the light most favorable to the Bank and resolve against Lang all doubts as to the existence of a genuine issue as to a material fact. If the motion for summary judgment involves the credibility of affiants or deponents, or the weight of the evidence or a mere ground of inference, the motion should not have been granted. In passing on summary judgment motions the court must disregard all conflicts in the evidence and must accept as true the evidence which tends to support the position of the party opposing the motion; and evidence which favors the movant's position may not be considered unless it is uncontradicted; and if such uncontradicted evidence is from the movant himself, it cannot be considered as doing more

than raising an issue of fact unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.1965) and the cases cited therein.

■ By its first point of error the appellant Bank contends that the pleadings, affidavits and depositions on file presented a material fact issue as to whether the endorsement on the $3,000 check was unauthorized. Under the record presented here, and in the light of the foregoing guidelines laid down by our Supreme Court, this point must be sustained. The only authority any Texas trial court has for granting a summary judgment is found in Rule 166–A, Vernon's Texas Rules of Civil Procedure. Subdivision (e) of that rule is, in part:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

■ Thus, affidavits based on hearsay or conclusions of law or of fact are insufficient to support the granting or overruling of a motion for summary judgment. Harang v. Aetna Life Ins. Co., 400 S.W.2d 810, 814 (Tex.Civ.App., Houston 1966, writ ref'd n. r. e.); Tall Timbers Corp. v. Anderson, 370 S.W.2d 214, 222 (Tex.Civ.App., Fort Worth 1963, reversed on other grounds Tex., 378 S.W.2d 16); Sparkman v. McWhirter, 263 S.W.2d 832, 838 (Tex.Civ. App., Dallas 1953, writ ref'd).

Lang presented his own affidavit to the effect that at the time in question he maintained a checking account at the appellant Bank and had on deposit therein more than $3,000; that on January 16, 1965 he was desirous of purchasing a Quality Courts Motel franchise to be operated in Pocatello, Idaho, and on said date issued his check to Quality Courts Motel for $3,000; that "Quality Courts Motel, Inc. is commonly known as

Quality Courts Motel"; that the check was never delivered to "Quality Courts Motel, Inc.," and that "they" refused to issue to him the desired franchise; that the $3,000 check was charged against his account at the appellant Bank, and that he received no consideration or benefit therefrom.

He also presented the affidavits of two officers of Quality Courts Motels, Inc., William A. Harwood, the General Manager— Administration, and Kenneth L. Horstmyer, the Executive Vice-President. Harwood's affidavit states that he is an adult, having never been convicted of a crime, and that he has personal knowledge of all the statements therein made; that Quality Courts Motels, Inc. is commonly known as Quality Courts Motel; that E. W. Chaffin has never been an employee of Quality Courts Motels, Inc. and has never been authorized or empowered by said corporation "to endorse checks made out to Quality Courts Motels, Inc." It may have been mere inadvertence, but the failure of this affidavit to say anything about Chaffin's authority or lack of authority to endorse a check made payable, as the one in question here was, to Quality Courts Motel creates at least some reasonable doubt in our minds. If the affiant intended to negate such authority he could easily have said so.

■ Horstmyer's affidavit cannot properly be considered as establishing the facts stated therein because it fails to show affirmatively that the affiant is personally familiar with those facts or that he is competent to testify thereto as a witness. He says that Chaffin had no authority to endorse the check in question, but he does not inform us what the source of his information is; i. e., whether he has personal knowledge of the lack of authority, or whether it is based on hearsay, or whether it is a conclusion based upon other information he may have which might or might not have been admissible evidence. Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274 (1961); Youngstown Sheet & Tube Co. v. Penn, 363

S.W.2d 230 (Tex.1962); Boswell v. Handley, 397 S.W.2d 213 (Tex.1965).

■ Moreover, it is our view that Lang's uncorroborated affidavit falls within the general rule that evidence given by a party or other interested witness, even though uncontradicted, merely presents a fact issue to be determined by the jury. Mills v. Mills, 228 S.W. 919 (Tex.Com.App. 1921, jdgmt. adopted; Id., 111 Tex. 265, 231 S.W. 697); Missouri-Kansas-Texas Railroad Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931, 940–941 (1956); Barker v. Coastal Builders, 153 Tex. 540, 271 S.W. 2d 798, 802–803 (1954); Owen Development Co. v. Calvert, 157 Tex. 212, 302 S.W. 2d 640 (1957).

The affidavit is not so clear, direct and positive, and free from inaccuracies, as to establish as a matter of law that the endorsement was unauthorized. See Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904, 908 (1942); McGuire v. City of Dallas, 141 Tex. 170, 170 S.W.2d 722, 728 (1943).

■ The affidavit is not strengthened by the opportunity of the Bank to contradict or impeach it and its failure to do so. The test of whether the endorsement was forged is: Was it made by the person intended by the maker to be the payee? 9 C.J.S. Banks and Banking § 356, pp. 737–738. A bank would seldom, if ever, be able to contradict a depositor's statement of his own intention in such a matter.

■ In our opinion, the evidence proffered by Lang was not sufficient to establish that there was no genuine issue as to whether the endorsement was authorized, or to establish as a matter of law that appellee was entitled to a judgment. For example, it was not shown by competent evidence why the $3,000 check was made payable to Quality Courts Motel. The written contract signed by Lang and Chaffin does not mention Quality Courts Motel. The only reference it contains to a national fran-

chise from anyone is the provision, "MO-TEL SYSTEMS, INC. to make available (where possible) a national franchise, * * *." It is true that Lang testified in his oral deposition that "Mr. Vaughn suggested that I make the checks out the same as this because that's the way he had made his out. This was to be for a franchise." He also testified: "I thought he [Chaffin] would send it on to Quality Courts, which to my idea anybody could purchase a franchise from them if they had the $3,000." He also testified that he knew that Quality Courts Motel "is a franchise motel system and they do not operate under the name of Incorporated," and that he got this information from one of their own pamphlets. He also testified that the $3,000 was to cover the franchise and that he thought the franchise was being purchased from Quality Courts Motel. However, these are all conclusions on the part of the witness and would not be admissible in evidence on a trial of the case. Therefore, they cannot be considered in support of the summary judgment in view of the requirements of Subdivision (e) of Rule 166–A.

Appellee's argument that he was obviously the victim of a confidence man who forged the name of the payee in the check in question may very well be based on actual fact; but when we view the evidence in the light most favorable to appellant, and resolve all doubts as to the existence of a genuine fact issue against appellee, we cannot say that the record presented to us is sufficient to support the summary judgment as a matter of law. Accordingly, appellant's first point of error on appeal is sustained.

We have carefully examined appellant's other four points of error on appeal, but find no merit in any of them. It would add nothing to the jurisprudence of the state for us to discuss them, and they are overruled.

The judgment is reversed and the cause remanded for trial on the merits.

Reversed and remanded.