**LAW OFFICES OF JAMES R. BASS, INC., Appellant,**

v.

**Ernest K. BRYAN and Antonia Bryan, Appellees.**

**No. 16457.**

Court of Civil Appeals of Texas, San Antonio.

Dec. 17, 1980.

James R. Bass, John G. McGarr, Jr., San Antonio, for appellant.

Robert B. Scheske, Denver E. Perkins, Perkins, Dreyer & Rather, Gonzales, for appellees.

## OPINION

KLINGEMAN, Justice.

This is a divorce case in which the original attorneys representing the wife were discharged before the case was completed and thereafter intervened in the divorce suit to recover attorney's fees for service performed and funds expended in relation to the divorce prior to their discharge. The trial court, without a jury, granted a divorce and made orders concerning the children and property. The intervenor, Law Offices of James R. Bass, Inc., was awarded $6,000 in attorney's fees against the ex-husband, Ernest K. Bryan, and the wife, Antonia Bryan. Within 30 days after entry of the divorce decree, the trial court entered a decree identical to the first one except the amount of attorney's fees was reduced to $3,000.

On this appeal, the intervenors complain that the trial court erred (1) in rendering a judgment for an amount less than the uncontroverted evidence established that intervenor was entitled to for attorney's fees; and (2) in rendering a judgment for an amount less than the uncontroverted evidence because there was no evidence before the court to support an award of $3,000 for attorney's fees. We affirm the judgment of the trial court.

There is evidence that there was an employment contract between such law offices and the wife, and it is somewhat difficult to determine from appellants' brief whether they are suing on a contractual basis or a quantum meruit basis. However, they state in their brief that their discharge constituted a breach of contract and that they, consequently, had the right to recover on quantum meruit, and have selected this method to recover for the work that had been performed by them up to the time appellants were discharged.

■ In a suit on quantum meruit for services rendered, the law fixes the amount of recovery, implying a promise to pay the reasonable value of the services. *Colbert v. Dallas Joint Stock Land Bank*, 136 Tex. 268, 150 S.W.2d 771 (1941); *Kendall Co. v. Plastic Engineering & Sales Corp.*, 350 S.W.2d 661 (Tex.Civ.App.—Fort Worth 1961, writ ref'd n. r. e.).

The only testimony as to the extent and reasonableness of the attorney's fees came from two attorneys of the firm here suing. Much of their testimony as to the amount of recovery of the attorney's fees was based upon the provision of the contract, providing for an hourly charge of $90 for one of the attorneys and $60 for the other. One of such attorneys testified that reasonable attorney's fees for the services rendered in the case would be $12,000 considering the amount of work performed, the complexity of the case, the expertise involved, and the results accomplished.

■ The wife testified in general to her dissatisfaction with such attorneys and disagreed with the testimony of the attorneys as to the value of the results accomplished by them. The only testimony, however, as to amount of attorney's fees came from interested witnesses. As a general rule, the testimony of an interested witness does no more than raise a fact issue to be determined by the trier of the facts. *James T. Taylor & Son, Inc. v. Arlington Independent School District*, 160 Tex. 617, 335 S.W.2d 371 (1960); *Owen Development Co. v. Calvert*, 157 Tex. 212, 302 S.W.2d 640 (1957); 62 Tex.Jur.2d § 373 (1965).

■ While there are exceptions to the rule, generally, where testimony comes from an interested party and is of such a nature that it cannot readily be contradicted, if untrue, an issue as to the credibility of the witness is presented. *James T. Taylor & Son, Inc. v. Arlington Independent School District, supra*; *Horn v. Atchison, Topeka & Santa Fe Railway Co.*, 519 S.W.2d 894 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.); *Holly Sugar Co. v. Aguirre*, 487 S.W.2d 421 (Tex.Civ.App.—Amarillo 1972, writ ref'd n. r. e.); *Kimbell Milling Co. v. Marcet*, 449 S.W.2d 100 (Tex.Civ.App.—San Antonio 1969, no writ).

In a case where there is a question as to what would constitute reasonable attorney's fees, such question is one of fact to be determined by the fact finder in the case. *Smith v. Davis*, 453 S.W.2d 340 (Tex. Civ.App.—Fort Worth 1970, writ ref'd n. r. e.), and even though no contradictory evidence is offered as to the amount of such fees, the question of the reasonableness of attorney's fees is one of fact. *Sea Hoss Marine Enterprises, Inc. v. Angleton Bank of Commerce*, 536 S.W.2d 592 (Tex.Civ.App. —Houston [1st Dist.] 1976, writ ref'd n. r. e.). The trier of fact may accept a witness' testimony in whole or in part or may reject it in whole or in part, and opinion testimony does not establish a material fact as a matter of law. *Missouri Pacific Railroad Co. v. Mendoza*, 337 S.W.2d 622 (Tex.Civ.App.— Waco 1960, writ ref'd n. r. e.), *cert. denied*, 365 U.S. 818, 81 S.Ct. 699, 5 L.Ed.2d 696 (1961).

The allowance of attorney's fees rests in the sound discretion of the trial court and its judgment will not be reversed in the absence of an abuse of discretion. *Stegall v. Stegall*, 571 S.W.2d 564 (Tex.Civ. App.—Fort Worth 1978, no writ); *Reintsma v. Greater Austin Apartment Maintenance*, 549 S.W.2d 434 (Tex.Civ.App.—Austin 1977, writ dism'd); *Zaruba v. Zaruba*, 498 S.W.2d 695 (Tex.Civ.App.—Corpus Christi 1973, writ dism'd); *Magids v. Dorman*, 430 S.W.2d 910 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.). The range of what is reasonable attorney's fees is wide and a reviewing court cannot set aside such award merely because it would have allowed more or less. *Espinoza v. Victoria Bank and Trust Co.*, 572 S.W.2d 816 (Tex. Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.).

We find no abuse of discretion by the trial court in awarding attorney's fees in the amount of $3,000. Finding no reversible error we affirm the judgment of the trial court.