**DELTA STEEL BUILDINGS CO., Appellant,**

v.

**Doyle CROW, Appellee.**

**No. 21014.**

Court of Appeals of Texas, Dallas.

April 15, 1982.

Thomas K. Boone, Dalton, Moore, Forde, Joiner & Stollenwerck, Dallas, for appellant.

Dean White, Canton, for appellee.

Before AKIN, STEPHENS and VANCE, JJ.

STEPHENS, Justice.

Limited appeal is taken from the portion of a judgment in favor of appellant denying appellant attorney's fees. We reverse and remand.

Appellant and appellee entered into a written contract providing that appellant would manufacture and deliver a metal building system. After the system was delivered, appellee refused to pay the purchase price of $13,218.00, alleging that certain parts were missing. Appellee erected and began using the building, tendering $5,000 as partial payment. Appellant brought suit to foreclose a mechanic's lien on the building and to recover the balance due on the contract, plus attorney's fees. At trial, counsel for appellant testified regarding the time spent preparing the suit, his hourly fee and, as an expert, his opinion regarding a reasonable attorney's fee. The trial court granted judgment to appellant for $8,218.00 and for foreclosure of the lien, but denied appellant recovery of attorney's fees.

■■■ Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp. 1982) provides:

Any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation for ... suits founded on oral or written contracts, may present the same to such person or corporation ...; and if, at the expiration of 30 days thereafter, payment for the just amount owing has not been tendered, the claimant may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees ....

In *Okon v. Levy*, 612 S.W.2d 938 (Tex.Civ. App.—Dallas 1981, writ ref'd n. r. e.), this court held that article 2226 leaves the court no discretion in awarding attorney's fees to the successful party in suits for which attorney's fees are provided in the statute. *See also Davidson v. Suber*, 553 S.W.2d 430 (Tex.Civ.App.—Austin 1977, no writ). Having successfully recovered in his suit on the written contract, appellant was entitled to a reasonable attorney's fee. The question of what constitutes a reasonable attorney's fee is a question of fact to be determined by the fact finder, and because the trial court failed to make such finding, we remand for a determination of that issue. *Law Offices of James R. Bass, Inc. v. Bryan*, 609 S.W.2d 652 (Tex.Civ.App.—San Antonio 1980, no writ); *cf. Okon v. Levy, supra.*

Reversed and remanded for the award of a reasonable attorney's fee.